288 So.2d 444

**Carol Lynn Smith ESCO**

v.

**Larry Edward ESCO and
Mrs. Marguerite Gray.**

**Civ. 220.**

Court of Civil Appeals of Alabama.

Dec. 19, 1973.

George V. Eyraud, Jr., Birmingham, for appellant.

Beddow, Embry & Beddow and J. Scott Vowell, Birmingham, for appellee, Mrs. Marguerite Gray.

HOLMES, Judge.

This is an appeal from a decree denying appellant's petition to modify a prior decree of divorce wherein custody of appellant's minor child was awarded to appellee, the paternal grandmother.

Prior to the petition and hearing *ore tenus,* from which this appeal is taken, the appellant, in 1971, petitioned the trial court for a modification to its prior order awarding custody to the paternal grandmother. The trial court, after a hearing *ore tenus,* denied the change in custody. The present petition for change in custody was filed in November 1972 and, in April of 1973, the trial court again refused to change the custody of the child from its paternal grandmother. However, the court did allow specific visitation rights to appellant. It is from this decree that this appeal is taken.

■ Appellant, by her assignments of error, contends that the evidence is sufficient for the trial court to have found that changed circumstances have occurred and that the best interest of the child would be served by the trial court awarding custody to the mother. Appellant further contends that Code of Ala., Tit. 34, § 35, does not provide that custody of a child in a divorce

proceeding may be awarded to one, other than the father or mother of the child. Additionally, the appellant contends that the trial court erred to reversal in allowing certain medical testimony regarding the appellant's mother to be admitted.

At the outset, we note that appellant's assignments of error appear to question the sufficiency of the evidence to support the decree of the learned trial court.

Supreme Court Rule 9; in pertinent part, states:

> "Appellant's brief under separate headings shall contain: . . . (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely, . . ."

In this instance, appellee's brief does not set forth a recital of the evidence. Failure of appellant to set forth in her brief a recital of the evidence constitutes a waiver and abandonment of the errors raising the sufficiency of the evidence to support a decree of this nature. See Supreme Court Rule 9; Steele v. Steele, 277 Ala. 13, 166 So.2d 790.

In any event, this court has carefully reviewed the record of some 180 pages of transcript as well as numerous pages of medical data and we conclude that no point would be served in setting out the evidence in the case other than to once again make public the personal life and medical history of some of the parties and their family. Suffice it to say, the trial court heard the evidence, observed the witnesses, and based its decision on these factors in arriving at its determination that the welfare of the child would be best served by the appellee-grandmother retaining custody. There is ample evidence to support such a determination.

The predominant factor in cases of this nature is what is in the best interest and welfare of the child. Hagler v. Hagler, 50 Ala.App. 266, 278 So.2d 715; Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737. Furthermore, there is a strong presumption favoring the trial court's finding in cases of this class. See 2A Ala.Dig. Appeal and Error ☞931(1).

As we noted earlier, there is evidence to support the trial court's decree.

Additionally, in this case as in all cases where the judgment or decree is entered by the trial court after hearing of testimony *ore tenus,* such judgment or decree is presumed correct and will be reversed on appeal only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. We cannot find the trial court's decree so wrong.

■ We find no merit in the contention of able counsel for appellant that Code of Ala., Tit. 34, § 35, requires an award of custody to either the father or mother of the child to the exclusion of others.

This section of the code is, to this court, but an expression of a general policy subject to the aforesaid rule that the paramount consideration is the welfare of the child. See Cronin v. Cronin, 245 Ala. 309, 16 So.2d 714; Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409.

■ Appellant contends further, without citing authority, that the court erred in allowing certain medical testimony concerning the appellant's mother to be admitted. Appellant's objection appears to be that

such evidence was not relevant. It is noted that there was testimony that the appellant resided in the home of her mother, and this court cannot say that to allow such testimony, in this instance, was error to reversal. The determination of whether evidence is relevant is largely within the discretion of the trial court. State, Board for Registration of Architects v. Jones, 289 Ala. 353, 267 So.2d 427. Here, in this instance, we cannot say the trial court abused its discretion.

We have considered all of the argued assignments of error and finding no ground for reversal in any of them, we hold the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.