This appeal is from a judgment modifying a prior child custody decree.
The appellant, Helen Thompson Strickland, the mother of the child in question, and the father of the child, Robert Thompson, were divorced in June or July, 1973. There were three children born of this marriage — two girls and a boy. The parents agreed that the two girls would go with the mother and the boy with the father. The divorce decree was silent as to the custody of the children.
Robert Thompson remarried shortly after the divorce and then, sometime during the first part of 1974, he was killed in a work related accident. His wife, the child's stepmother, was awarded custody in May 1974.
The stepmother turned the child over to the Osborns — Mrs. Osborn is the child's father's sister — in December 1974. The stepmother's whereabouts is unknown.
In March 1975 Mrs. Strickland, the natural mother, petitioned the court for custody of the son who is now twelve years old. The Osborns counterclaimed and asked for custody of the child. Hearing was held before the court sitting without a jury in December 1975, and, on January 23, 1976 the court rendered a decree awarding custody of the child to the Osborns and giving the mother, Mrs. Strickland, certain visitation privileges. She appeals from that decree.
Appellant argues that the trial court erred in awarding the child's custody to the Osborns for the reason that she is the natural parent and was not shown to be unfit; therefore she should have been awarded the custody of the son. Appellees *Page 584 
counter by saying that the trial court is bound to ascertain what is in the best interest of the child in awarding its custody. They say that the court should have considered the request of the natural parent but that ultimately it has to decide where the interests of the child will be best served, be it with the Osborns or with the natural mother.
We have said many times that the primary objective of a court in a child custody case is to make a determination based on the best interests and welfare of the child. White v. Appleton,53 Ala. App. 702, 304 So.2d 206; Esco v. Esco, 51 Ala. App. 656,288 So.2d 444; Borsdorf v. Mills, 49 Ala. App. 658, 275 So.2d 338. Observing this rule of law does not automatically rule out the natural parent as a custodian, but it does prevent slavish adherence to the principle that if the natural parent is fit that parent receives custody of the child. See Brill v.Johnson, 293 Ala. 435, 304 So.2d 595. This rule has even stronger effect in cases where custody has been awarded to someone other than the natural parent by prior decree, and the natural parent seeks return of the child by petition to modify. In such cases the prior decree prima facie rebuts any presumption which favors the natural parent as custodian, and places on her the burden of proving that the modification is necessary to promote the child's best interests.
The evidence in the instant case does not allude to any unfitness of the natural mother nor does it cast any doubt on the fitness of the Osborns to be custodial parents of the child. It does show that the mother agreed initially for the child to be in the custody of the father; that she did not contest the award of custody to the stepmother on the death of the father; that the child has been with the Osborns for over a year, is well adjusted there, is doing well in school, is loved by the Osborns and apparently does not want to be with his mother. It is clear that the child had grown accustomed to a satisfactory environment which the courts should exercise caution in unsettling.
Adhering to the frequently cited rule that where a child custody case is heard orally by the court, its findings on appeal will not be disturbed except where found to be plainly and palpably wrong, Modling v. Modling, 45 Ala. App. 493,232 So.2d 673, we conclude that the trial court's decree should not be disturbed. We affirm.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.