Judgment was entered by the Circuit Court of Talladega County awarding custody of a minor child to its maternal grandmother and the natural mother appeals.
The sole issue presented for review is whether or not a natural parent may forfeit her (his) prima facie right to custody of a child by voluntarily (or otherwise) relinquishing custody of the child to another party.
The record reveals the following facts. Appellant, Carol Willette, was married to Frederick Willette. Their marriage produced two children: David Willette (age six) and Michael Willette (age five).
In April of 1971 appellee, Lena Bannister, received a phone call from her daughter, Carol Willette, who was residing in Kittery, Maine. During their telephone conversation Carol requested that Mrs. Bannister take custody of Michael and David Willette. At trial Carol stated that she made such a request because she was having marital problems and felt that the boys should live with Mrs. Bannister until she (Carol) could work out her difficulties. Mrs. Bannister contradicted her daughter's testimony, stating that Carol told her: "Mother do you want a baby? I have a boy and I wanted a girl." At any rate, Mrs. Bannister agreed to her daughter's request and both boys went to live with their grandmother in Oxford, Alabama.
In September of 1971 Frederick and Carol Willette came to Alabama to reclaim their children. Mrs. Bannister agreed to return the boys to their parents' custody and the two children were taken by their parents to the Willettes' new place of residence in New Hampshire.
Approximately six months later, however, further marital difficulties between Frederick and Carol Willette caused the latter to ask her mother to take the boys back to Alabama. Acting on her daughter's request, Mrs. Bannister traveled to New Hampshire where she took custody of Michael and David and brought them back to Alabama.
Within six months after Michael and David had returned to Oxford with their grandmother, Carol Willette arrived at the Bannister home and demanded that Mrs. Bannister give her custody of the children. Mrs. Bannister refused to allow the children to go back to New Hampshire with their mother. Carol subsequently returned to New Hampshire without Michael and *Page 607 
David. However, in September of 1972 Frederick Willette appeared at the Bannister home and after threatening Mrs. Bannister, took the boys back to New Hampshire with him.
Then in February of 1973, their marital problems being unresolved, Carol and Frederick Willette were divorced in Kittery, Maine. The divorce decree awarded custody of the two children to Frederick Willette. Nonetheless, approximately thirty days after the divorce was granted, Frederick Willette contacted Mrs. Bannister and asked her to take custody of Michael and David. Once again Mrs. Bannister went to New Hampshire, took custody of the boys and brought them back to Alabama.
Carol Willette testified at trial that when she learned that her children had been taken back to Alabama by their grandmother, she (Carol) obtained a decree in Maine transferring legal custody of the boys from Frederick Willette to herself. However, both Michael and David remained in the physical custody of Mrs. Bannister until the spring of 1974, at which time Mrs. Bannister initiated a legal action seeking temporary custody of the boys. On March 8, 1974 the Circuit Court of Talladega County entered an order awarding temporary custody of both boys to Mrs. Lena Bannister.
Custody of the children remained with Mrs. Bannister until October of 1975 when Carol Willette arrived in Alabama and asked Mrs. Bannister to give Michael and David back to her. Mrs. Bannister subsequently relinquished custody of David who returned to New Hampshire with his mother. However, Mrs. Bannister refused to return Michael to the custody of his mother, Carol Willette. As a result of Mrs. Bannister's refusal, Carol Willette filed a petition for a writ of habeas corpus in Talladega Circuit Court. After a full hearing on the matter and the presentation of evidence on behalf of both parties, the trial court rejected Carol Willette's petition for habeas corpus and awarded permanent custody of Michael Willette to his grandmother, Mrs. Lena Bannister. Carol Willette appeals from the trial court's decree.
Appellant, Carol Willette, submits that the natural mother of a child has a prima facie right to the custody of her children. And despite the fact that a parent may forfeit this prima facie
right by the relinquishment of custody to another party and the continued acquiescence thereto, appellant asserts that she has never acquiesced to the change in custody which occurred in this case. Indeed, appellant contends that she has made every effort to regain custody of the child. Therefore, appellant argues that she should have been awarded custody of her son and that the trial court erred in awarding the custody of the child to appellee.
Although a natural parent has a prima facie right to custody of his or her child, this prima facie right may be forfeited.Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393. And the mere fact that the natural parent is fit, though certainly a factor for consideration, does not automatically entitle the natural parent to custody of the child, Strickland v. Osborn, Ala.Civ.App., 333 So.2d 582, since the best interests and welfare of the child are of paramount importance. White v.Appleton, 53 Ala. App. 702, 304 So.2d 206; Esco v. Esco,51 Ala. App. 656, 288 So.2d 444. Indeed, this court concluded inStrickland v. Osborn, supra, that a prior decree (such as the decree of October 8, 1974 awarding temporary custody of the children to appellee) rebuts any presumption which favors the natural parent, and places on the natural parent the burden of proving that a change in custody is necessary to promote the child's best interests. We believe it is clear from the evidence given in the instant case that appellant failed to meet this burden.
Moreover, in determining the question of whether a parent who has voluntarily relinquished custody of a minor child should be entitled to regain custody, each case must be determined from the particular facts involved. Horton v. Gilmer, supra.
Although the facts in the instant case do not demonstrate that the natural mother is unfit, they do indicate that appellant on several occasions voluntarily *Page 608 
relinquished custody of her child to another party and for substantial periods of time acquiesced to that party's custody of her child. Furthermore, the record before this court discloses that even after the child was returned to his parents in September of 1972, appellant, upon her divorce from Frederick Willette in February of 1973, initially agreed that the child be placed in the custody of his father; and despite the fact that appellant testified that she objected to her husband's action of placing the child in the hands of Mrs. Bannister, the evidence presented at trial was in conflict as to whether she took immediate steps to actually regain custody of the child. Evidence further revealed that appellant made no effort to contribute financially to the child's support. In fact, appellant failed to write or contact the child for lengthy periods. Nor did she visit the child — stating at one point in the trial that she might not recognize her youngest son if she saw him.
In addition, appellant is separated from her second husband (who is the brother of Frederick Willette, appellant's first husband). Carol Willette also stated at trial that she was currently employed as a dog trainer at a New Hampshire dogtrot but that she had on occasion received financial assistance in the form of food stamps and rent subsidies from the state of New Hampshire.
On the other hand, the court found that Michael Willette has lived with his grandmother (appellee) for most of his life, having been placed in her custody on several occasions by both appellant and the child's father. Furthermore, the court felt that the evidence provided at trial demonstrated that the child was being properly cared for by appellee (and her husband) and that the boy was happy and well-adjusted in his present environment.
Where a parent has transferred to another party the custody of a minor child either voluntarily or as a result of a prior judicial decree and the party to whom the child is transferred has acted in the manifest interest and welfare of the child, the parent will not be permitted to reclaim custody of the child unless that parent can show that a change in custody will materially promote the child's welfare and best interests.Horton v. Gilmer, supra; Strickland v. Osborn, supra. From the record before us we are not persuaded that a change in custody would be in the boy's best interests.
In the present case the trial court had the parties before it and heard and saw the witnesses. In view of the evidence before that court we cannot say that it erred in its conclusion that the best interests of the child would be favorably served by leaving him in the custody of appellee. Nor can we say that the decree rendered by the trial court was plainly and palpably wrong. Therefore, we conclude that the trial court's decree should be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.