This is a child custody case.
On October 12, 1978, appellees Andy and Ruby Lessley filed a petition to terminate the parental rights of appellant Doyle Ray Henderson and a petition to adopt appellant's six-year-old daughter. Appellant filed a cross-petition for permanent custody. After hearing on February 13 and 15, 1979, the trial court denied all three petitions and awarded temporary custody of the child to the appellees with specified visitation rights in appellant.
On July 7, 1979, in response to a petition by appellees, the trial court modified the visitation provisions of the decree.
Appellant filed a motion to reconsider on July 18, 1979. A hearing on the motion was had on August 27, 1979. The trial court's order continued temporary custody in the appellees and specified new visitation rights to be reserved to the appellant.
Appellant argues that the trial court erred in continuing custody in the appellees because the natural parent has a prima facie right to custody and the evidence before the court did not show that he is unfit. We do not find the trial court's order to be in error.
Although a natural parent has a prima facie right to custody of his or her child, the primary consideration in a child custody case interest and welfare of the child. Strickland v.Osborn, 333 So.2d 582 (Ala.Civ.App. 1976). That determination must come from the evidence and each case must be decided on its own facts. Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (1973).
The ore tenus hearing in this case revealed the following factual situation.
The child involved was born on January 27, 1972. The appellant was named by the child's mother as the father of the child. At the time of the child's birth appellant was in the custody of the United States *Page 203 
marshal under a charge of conspiracy to import marijuana. He was convicted of the charge and sentenced to five years in the federal penitentiary.
In November 1972, after spending some time in Florida and Massachusetts, the mother and child moved to Birmingham, Alabama. The appellees agreed to babysit for the child. As this arrangement continued, the child's mother began to leave her for increasingly longer periods of time. Eventually the appellees cared for the child full time. Between the fall of 1972 and spring of 1977, the child had only spasmodic contact with her mother and none with the appellant.
In 1977, upon petition by the appellees, the child was found to be a dependent child and custody was given to appellees. A subsequent modification of the custody order reserved visitation rights in the appellant.
Appellant was released from prison on June 1, 1978. He has expressed a determination to "go straight" and there is evidence that he has made a start toward that end.
While we find this fact and appellant's desire for custody commendable, we agree with the trial court that a change of custody would not be in the best interests of the child.
The child has lived with the appellees for almost her entire life. Her natural mother is now deceased. There has been established a psychological child-parent relationship through daily companionship and shared experiences. J. Goldstein, A. Freud and A. Solnit, Beyond the Best Interests of the Child, Chap. 2 New Edition (1979). She has never known appellant as her father and it is clear from the evidence that she does not now view him as her father. The child is happy and comfortable in her present home and has expressed a desire to remain there. To remove her from the only home she has known to send her to an uncertain future with a stranger, even though he be the natural father, could not avoid being a traumatic experience.
The trial court heard and saw the witnesses. In view of the evidence before the trial court, we cannot say that it erred in its determination that the best interests of the child would be served by leaving her in the custody of appellees. The trial court's decree is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.