HOLMES, Judge.
This is a child custody case.
The trial court awarded custody of a four year old female child to the maternal grandparents. The father appeals, contending the trial court erred in failing to award custody to the father. We find no error in the trial court’s award of custody and affirm.
*1116 We do not deem it necessary to set out in detail the facts of this case. However, viewing the record with the attendant presumptions accorded the trial court’s decree, the following is revealed.
The mother and father of the child were married at an early age. The father had resided in the home of the maternal grandparents since he was fourteen years old. While residing with the maternal grandparents, the father married the daughter of the maternal grandparents. The union produced the child involved in this appeal. Thereafter, the father had difficulty in “holding” a job. There is testimony that a lot of the father’s time was spent in the pool hall. In any event, since the birth of the child the maternal grandparents have to a large degree supported the child and cared for the child.
In 1977, when the child was approximately two years old, the mother and father divorced. The mother was awarded custody. Apparently, after the divorce, the father had little contact with the child. Additionally, the father did not pay the required support payments. During this period of time, the maternal grandparents greatly assisted in caring for the child.
In March of 1979, the mother was killed in an automobile accident. The child has been with the maternal grandparents since that time. In April of 1979, the maternal grandparents petitioned the trial court for custody. The father cross-petitioned for custody.
The maternal grandfather is forty-four years of age. The maternal grandmother is forty years of age. They have raised four children who are now grown. They have a home and are well respected in their community. The maternal grandfather is gainfully employed. The father is now in the U.S. Air Force stationed in Florida. He lives in an apartment complex with his seventeen year old bride. The record indicates he loves the child and desires custody.
As indicated above, the trial court specifically determined that at this time the best interest of the child dictated that she remain with the maternal grandparents. The father was awarded reasonable visitation.
The predominant factor in cases of this nature is what is in the best interest and welfare of the child. Parsons v. Parsons, Ala.App., 337 So.2d 765 (1976); Esco v. Esco, 51 Ala.App. 656, 288 So.2d 444 (1973), and cases cited therein. Furthermore, there is a strong presumption favoring the trial court’s finding in cases of this nature. See, 2A Ala.Digest Appeal & Error @=>931(1).
Additionally, in this case as in all cases where the judgment or decree is entered by the trial court after hearing of testimony ore tenus, such judgment or decree is presumed correct and will be reversed on appeal only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471 (1966). We cannot find the trial court’s decree so wrong.
In this instance, in view of the facts as indicated above, we cannot say the trial court was plainly and palpably wrong in awarding custody to the maternal grandparents. We recognize that the trial court did not find the father to be unfit. However, it is not the fitness or unfitness of a parent that is solely determinative of who should have custody. What is determinative is the best interest and welfare of the child.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.