410 So.2d 422 (1981)
Stephanie Lynne MASSEY
v.
Gene MASSEY, Gwen Massey, James Barnett Massey and Martha R. Massey.
Civ. 2818.
Court of Civil Appeals of Alabama.
November 12, 1981.
Rehearing Denied December 16, 1981.
*423 James M. Sizemore, Jr., and Robert C. Rea, Jr., Sylacauga, for appellant.
Donald W. Lang and Michael A. Givens, Sylacauga, for appellees.
WRIGHT, Presiding Judge.
This is a child custody case.
The parents, Stephanie Lynne Massey and Gene Massey, were divorced July 13, 1979. Custody of their only child, Kristi Lynn, was given to the mother, with reasonable visitation for the father. Subsequently, the mother became financially unable to care for the child and by agreement of the parties, the court ordered custody of the child be placed in the father on March 21, 1980. The mother was allowed reasonable visitation. While the mother had custody, the father and his second wife, as well as the paternal grandparents, (intervenors here) often cared for the child for extended periods when the mother was unable to secure a sitter.
The father was convicted of a federal offense in connection with his activities as a member of the Ku Klux Klan. He began serving a two-year prison term in a federal penitentiary in Florida in November 1980. Since his incarceration, the child has lived with his present wife, Gwen, and both have stayed periodically with the paternal grandparents. The mother continued her visitation until some problem concerning visitation arose. She then filed a petition for custody modification March 9, 1981, asking that the child be placed in her custody. She based her petition on the absence of the father, who at that time had legal custody of the child. The court placed temporary custody of the child in the natural mother pending hearing.
A motion to intervene by the paternal grandparents was granted.
Following an ore tenus hearing, the trial court ordered that the care, custody and control of the child be placed in the paternal grandparents. Specific regular visitation was allotted to the mother, including weekends and extended summer and Christmas periods. The court made a finding of fact that the mother was unfit. That finding was stated to be based upon the mother's long working hours at night in a restaurant, the opinion of others as to her bad reputation; her homelife does not appear to be in the best interest in raising her child; her failure to attend to the material and medical needs of the child; and her pending and subsequent marriage to a man with a criminal record, including possession of marijuana. From this order, the mother appeals.
The following issues are presented on appeal: (1) whether the intervention of the grandparents was improper, (2) whether the court erred in taking into consideration information not in evidence by judicially noticing the mother's recent marriage and (3) whether the court erred in granting custody to non-parents where the evidence of the unfitness of the mother was not clear, compelling and satisfactory. We find no cause *424 for reversal in the first two issues. We find cause for reversal upon issue (3).
Appellant's contention that the paternal grandparents' motion for intervention lacked a proper pleading is not well taken. The motion set out the reason for intervention, the grounds therefor and the relief sought. As such, the motion complied with Rule 24(c), A.R.C.P. We are also unpersuaded that the trial court committed reversible error in considering the marriage of the mother subsequent to the hearing. If it was error to judicially note the marriage, which the court itself performed, it was not sufficiently prejudicial to require reversal.
The principal issue presented is whether the trial court erred in granting custody to a non-parent under the evidence presented. In order to deprive a parent of custody, the evidence must be clear and convincing that the best interests of the child are against parental custody. Ely v. Casteel, 341 So.2d 730 (Ala.Civ.App.1977). Parental unfitness is not a prerequisite to a finding that the best interests of the child will be served by placing custody in a nonparent. Zimmerman v. Gibbs, 384 So.2d 1115 (Ala.Civ.App.1980); Ely v. Casteel, supra. In Zimmerman, this court held that "it is not the fitness or unfitness of a parent that is solely determinative of who should have custody. What is determinative is the best interest and welfare of the child." 384 So.2d at 1116.
The most emphasized evidence presented as to the unfitness of the mother was that shortly after the divorce, and at a time when the father with the aid of his parents was in the process of appealing the granting of custody to the mother, the child was found to have a severe case of diaper rash. The family of the father carefully made pictures of the affected areas of the child's body and preserved them for more than a year until the mother's petition for custody arose.
It was shown that the original custody given to the mother at the time of divorce was, within a few months thereafter, voluntarily relinquished to the father and his new wife. However, it was also shown that during such interval the mother was receiving no assistance for herself or her child from either the father or his parents. The evidence was undisputed that she relinquished custody with the statement that it was best for the child as she could not properly provide for it.
The mother at the time of trial was only nineteen years old. She worked second shift in a local restaurant. There was testimony that while she had temporary custody of her child, she was seen at a bar and the Elks Club after her working hours having drinks. Members of the grandparents' family and their fellow church members stated in their opinion the mother had a bad reputation in the community. There was no evidence of the basis for such reputation other than she was seen at bars and dances. It must follow that those who saw her were also present at the same time and place. There was no evidence but that the child was in the care of a responsible adult on these occasions. The mother was frank in stating that she enjoyed going out on weekends after working long hours. Such inclination does not seem uncommon for a nineteen-year-old girl, even though a mother.
Our careful review of the testimony convinces us that it is insufficiently clear and convincing to overcome the presumption that the best interest of the child lies in the custody of its natural mother. It is evident that the grandparents are better able to provide materially for the child. It is evident that they love the child and perhaps could provide more attention daily to its care and feeding. It is also evident that from the time of the original decree, they have carefully prepared a case of unfitness against the mother to the end of obtaining custody of her child. Citing the case of Griggs v. Barnes, 262 Ala. 357, 78 So.2d 910 (1955), our supreme court recently said in Hanlon v. Mooney, 407 So.2d 559 (1981), "`While it is true that the "pole star" in custody cases is the best interest of the child, the courts of this state do not have the power to sever the bonds *425 of blood relationship merely in order to gain some real or fancied advantage for a minor child'". We consider that statement particularly pertinent in this case.
We adhere to the principles stated by this court in the recent case of Pendergrass v. Watkins, 383 So.2d 851, 854 (Ala.Civ.App. 1980). The facts of that case are very similar to this case. We hold that the evidence is insufficient to support the divesting of the mother of custody and the judgment of the trial court must be reversed. The case is remanded with direction to grant custody of the child Kristi to the mother, Lynne Massey Taylor.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY, J., concurs.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent.
The trial court, after an ore tenus hearing, awarded custody of the child to the child's grandparents. As correctly indicated by the majority, in order for the trial court to award custody to a person other than a parent, it must conclude that the evidence is clear and convincing that the best interests of the child are against parental custody. Ely v. Casteel, supra. The trial court's finding indicates that it did reach that conclusion. On appeal, the sole question before this court is whether the trial court's decision was so unsupported by the evidence that it constituted an abuse of discretion. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979); Quinn v. Quinn, 351 So.2d 925 (Ala.Civ.App.1977).
Admittedly, this is a difficult case. Previous cases are of little help in reaching a decision in this case because each child custody case must be decided upon its own facts. In the instant case, the trial court was faced with much conflicting testimony. The intervenors offered evidence that the mother allowed the child to develop a severe diaper rash, that the mother failed to regularly change the child's diapers and that the child often appeared dirty and hungry after being in the mother's custody. The mother testified that she had carried her child to the doctor only once while the child's stepmother or the intervenors had carried the child to the doctor several times. The stepmother had had to carry the child to the doctor to get treatment for the diaper rash. The mother also testified that she worked long hours, specifically, 11:30 a. m. to 10:00 p. m. Friday through Tuesday, and made very little money. In addition, the mother testified that she usually went out every Friday and Saturday after work and also occasionally on week nights. Evidence was also introduced that the mother planned to marry and subsequently did marry a man who had been convicted of assault and battery, driving while intoxicated and possession of marijuana. Though presently working on a family farm, the new husband's future employment is somewhat in doubt. There was also evidence, in opinion form, that the mother had a bad reputation in the community and that she was an unfit mother. In opposition to the above, the mother offered testimony that she loved and properly cared for the child and that she was not an unfit mother.
Undoubtedly, some of the evidence, offered by both parties, came from witnesses who were not completely impartial and unbiased. However, it is in situations like the present where the evidence is in such conflict that this court must be most mindful of the underlying basis of the ore tenus presumption which is the trial court's ability to hear and observe the witnesses as they testify. Globe & Rutgers Fire Insurance Co. v. Home Investment & Loan Corp., 226 Ala. 275, 146 So. 610 (1933); Willis v. Excello Bottling & Ice Co., 202 Ala. 513, 81 So. 15 (1919). In determining the credibility to be given each witness's testimony, the trial court was in a position to weigh the offered testimony against each witness's demeanor on the witness stand. The trial court's finding indicates that he placed more credibility in the testimony offered by the intervenors. In the instant appeal, where the evidence is in such conflict, I do not believe that this court, after reviewing only the *426 record, can properly conclude that the trial court abused its discretion. By so holding, this court is merely substituting its judgment for that of the trial court. This it cannot do. Ely, supra.
I note that in the instant appeal the mother was awarded liberal visitation. I am certain the trial court was mindful that the question of child custody is subject, under appropriate circumstances, to modification. At a subsequent time, after this young mother has more fully matured and established a more stable homelife, she may be justified in petitioning the trial court for full custody of her child. In the meantime, the mother will remain a significant part of her child's life due to the mother's visitation rights.
Needless to say, I would affirm the trial court's action.