420 So.2d 782 (1982)
Brenda Kay Johnson SIMPSON
v.
Willie Glenn GIBSON and Peggy Gibson.
Civ. 3341.
Court of Civil Appeals of Alabama.
September 1, 1982.
Rehearing Denied October 6, 1982.
*783 Jerry L. Cruse of Smith, Cruse & Perdue, Montgomery, for appellant.
Frank H. Hawthorne of Balch, Bingham, Baker, Hawthorne, Williams & Ward, Montgomery, for appellees.
HOLMES, Judge.
This is a child custody case.
The mother sought modification of a prior decree awarding custody of her minor child to the maternal grandparents. After an ore tenus hearing the trial court refused to modify its prior decree. The mother appeals, and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in taking the aforesaid action. As indicated, we find no abuse of discretion requiring reversal, and affirm.
We do not deem it necessary to set out in detail the facts. The following is pertinently revealed from the record.
The natural parents, Brenda Kay Johnson Simpson, the appellant, and her former husband, Paul Johnson, divorced on January 4, 1977, when their minor child was two years old. No provision was made regarding custody. The mother later signed an agreement with her parents, the appellees, to the effect that the permanent care, custody and control of the child was awarded to the grandparents. On September 26, 1977, the trial court incorporated the agreement into its decree and granted the grandparents the care, custody and control of the child.
In September, 1980, the mother filed a modification petition seeking the custody of her child. After a hearing, the trial court held there had been no material or substantial change in circumstances proven nor was it in the best interest of the minor child to change custody.
In June, 1981, the mother filed another petition to modify the custody decrees. The trial court, upon consideration of all the *784 evidence, found it was in the best interest of the child to remain in the custody of her grandparents. From this decision, the mother appeals.
At the onset, we note the well-established legal principle that the trial judge who hears the evidence ore tenus is in the best position to ascertain whether there has been a change in circumstances which requires a custodial change, and he will not be reversed on appeal save for plain and palpable error and abuse of discretion. E.g., Julian v. Julian, 402 So.2d 1025 (Ala.Civ. App.1981). The reviewing court can not substitute its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial court's decree was correct. Smith v. Smith, 334 So.2d 915 (Ala.Civ.App.1976).
The evidence indicates that the child has lived with her maternal grandparents since her parents' divorce with the exception of a few months. She is apparently a happy, well-adjusted child who loves and is loved by her grandparents. To a large degree, she is and has been supported by her grandparents. Evidence indicates the grandparents are good people, and no one seriously contends otherwise. Furthermore, within the current arrangement, the child and her mother still enjoy a good relationship, and the child looks forward to her mother's visits.
We further note that although a natural parent has a prima facie right to custody of his or her child, such a right may be forfeited. And the mere fact that the natural parent is fit, though certainly a factor for consideration, does not automatically entitle the natural parent to custody of the child since the best interest and welfare of the child are of paramount importance. Willette v. Bannister, 351 So.2d 605 (Ala.Civ.App.1977). Furthermore, a prior award of custody to someone other than the natural parent rebuts any presumption which favors the natural parent, and places on the natural parent the burden of proving that a change in custody is necessary to promote the child's best interests. Willette v. Bannister, supra.
The mother remarried in April, 1980. Her claim of changed circumstances is based in large part upon her improved conditions in that she is now married; is now fully qualified as a long haul truck driver and can provide economically for the child; that her husband has a substantial income, and the two of them have established a home and resided there approximately two years. For eight months prior to the hearing, she has been a full-time housewife.
We note, however, that the improved circumstances of the mother are not controlling upon the court in absence of evidence of existing detrimental circumstances of the child indicating a need for a change of custody. Davis v. Davis, 365 So.2d 80 (Ala. Civ.App.1978). No serious allegation was made that any such detrimental circumstance of the child existed at the time of the hearing.
We observe, finally, that the question of child custody is never res judicata. Dale County Department of Pensions and Security v. Robles, 368 So.2d 39 (Ala.Civ. App.1979). At this time, however, there is no indication that the trial court abused its discretion in refusing to modify the custody decree and this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
In an application for rehearing, the appellant-mother through able counsel directs us to Pendergrass v. Watkins, 383 So.2d 851 (Ala.Civ.App.1980), contending we have, in effect, overruled Pendergrass. We have not overruled Pendergrass as there are important factual distinctions between the instant case and Pendergrass. Aside from the procedural differences in Pendergrass, the mother who ultimately regained custody had, at all times, a court decree awarding her custody. The non-parental couple who had physical custody and contested the *785 mother for legal custody had only cared for the child for three months. In the instant case, the mother does not have a court award of custody, and the grandparents who have both legal and physical custody of the child have cared for her a number of years.
Despite those differences, appellant-mother's point in citing Pendergrass on rehearing is well-taken. In Pendergrass, we considered "the desirability and societal importance of re-establishing a permanent family." Pendergrass v. Watkins, supra, at 855. Furthermore, this court specifically considered "that the right to maintain family integrity is a fundamental right protected by due process standards of the Constitution...." Pendergrass v. Watkins, supra, at 854.
In the instant case, the desirability of reestablishing a permanent family unit was not in our original opinion articulated as a factor. We recognize such a factor is relevant in appropriate cases in determining the best interest of the child. However, we cannot in this instance, at this time, say that the trial court abused its discretion or was palpably wrong in its action. We reiterate that the reviewing court cannot substitute its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial court's decree was correct. Smith v. Smith, 334 So.2d 915 (Ala.Civ.App.1976).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.