EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child visitation modification case in which the mother sought to limit or restrict for the present time the father’s visitation of their only child to the mother’s home because the child had an allergy and asthma. The father’s counterclaim asked the court to enforce the forty-eight hour visitation of the son with him every other weekend as had been originally granted by a previous judgment of the circuit court.
After an ore tenus hearing in which the parties consented that the trial court could discuss the child’s condition with the attending physician by telephone, the trial court affirmed the original visitation rights of the father and ordered the mother to cooperate with the father as to that matter.
The mother has appealed and argues that the trial court abused its discretion in allowing the child to visit overnight with the father in view of the doctor’s apparently conflicting statements, that additional evidence should have been obtained, that the trial court should have ordered some type of testing to determine if the child’s symptoms were psychosomatic or actual and that to not do so was an abuse of discretion.
The telephone conversation of the trial court with the physician does not appear in the record in any manner. The information therein conveyed and discussed could have influenced the decision of the trial court, and we must presume that such evidence was adequate to sustain the judgment. James v. Mobile Travelodge, 417 So.2d 205 (Ala.Civ.App.1982); Stewart v. Johnson, 401 So.2d 101 (Ala.Civ.App.1981).
The record does not disclose that the mother made any request of the trial court to introduce additional evidence or to have further medical tests conducted as to the child. We have no ruling of the trial court to review in that regard. Rountree v. Sanders, 413 So.2d 1159 (Ala.Civ.App.1982).
Nevertheless, out of deference to the mother and to her concerned counsel, we have reviewed all of the evidence as contained in the record in light of the ore tenus rule. We do not find any abuse of discretion by the circuit court. The judgment of the trial court was not palpably wrong; and, thus, we are required to affirm it. Fassina v. Fassina, 401 So.2d 113 (Ala.Civ. App.1981); Fillingim v. Fillingim, 388 So.2d 1010 (Ala.Civ.App.1980).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.