BRADLEY, Judge.
This is a child custody case.
Melissa Sue Abbott, born January 30, 1978, is the illegitimate daughter of Katrina Abbott Priest. In April 1979 she was placed in the temporary custody of the Cullman County Department of Pensions and Security. Since that time Melissa has been living in a licensed foster home.
On August 12, 1981 the Cullman County Department of Pensions and Security filed a petition seeking the termination of all legal rights of the parents and the award to the Department of the child’s legal custody and the authority to place the child for adoption. The father, Hubert Gene Plake, acknowledged paternity and legitimated the child. He then filed an answer to the August 12, 1981 petition in which he denied that he had neglected Melissa or refused to provide proper care for her. He also counter-petitioned for permanent custody of Melissa.
After an ore tenus hearing, the trial court granted permanent custody of Melissa to the father. Cullman County DPS asked for a reconsideration and the request was denied. Cullman County DPS and State of Alabama DPS (hereinafter DPS) appeal to this court.
An amicus curiae brief has been filed here by the attorneys for William Lee Abbott, Melissa’s half brother.
Amicus argues that rule 20, Alabama Rules of Juvenile Procedure, requires that all testimony in a juvenile case be recorded so that a record of those proceedings will be preserved. No such record *120 was made; henee a review of the trial court's judgment is precluded.
It is true that no record of the testimony was made in the trial court. It is also true that no objection was made to the failure of the trial court to record the proceedings as required by rule 20. But, a rule 10(d), Alabama Rules of Appellate Procedure, record of the testimony has been prepared, approved by the trial judge, and filed in this court.
A rule 10(d) record of the proceedings will be accepted and relied on in the absence of a record made according to rule 20, A.R.J.P., where the rule 20 record was in effect waived by the parties to the proceedings in the trial court. See Sangster v. Sangster, 366 So.2d 1136 (Ala.Civ.App.1979). Accordingly, the 10(d) record will be considered by this court in assessing the sufficiency, of the evidence to support the judgment of the trial court.
Appellants contend here that it was wrong for the trial court to remove Melissa from the custody of the appellants and the foster parents and place her permanent custody with her natural father. They argue that the evidence does not support such a decision.
“Where the dispute over custody of a child is between the child’s natural parent and a party who is not the child’s natural parent, the natural parent has a prima facie right to the child’s custody. However, the right is not absolute but is subject to the equally well settled rule that the best interests and welfare of the child are controlling in child custody cases. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 [Ala.Civ.App.1973].”
Ely v. Casteel, 341 So.2d 730 (Ala.Civ.App.1977).
In a termination of parental rights case, the judgment of the trial court is reviewed in the light of the ore tenus rule. And, such a judgment is given every favorable presumption and will not be overturned unless it is palpably wrong. Hudgins v. State, 418 So.2d 913 (Ala.Civ.App.1982).
Before a trial court can terminate a parent's right to the custody of its child, there must be clear and convincing evidence before the court that it would not be in the child’s best interests to be in the natural parent’s custody. Massey v. Massey, 410 So.2d 422 (Ala.Civ.App.1981).
In the case sub judice, the evidence shows that DPS was given temporary custody of Melissa when she was fourteen months old. She had been neglected by her natural mother. DPS placed Melissa with foster parents until a permanent disposition of her custody could be made.
About two years later DPS filed a petition seeking termination of parental rights and authority to place Melissa for adoption. A copy of this petition was served on the natural father. He testified that this was the first time that he knew that he was the father of Melissa. He then acknowledged paternity and legitimated Melissa by a proceeding in the Probate Court of Cullman County, Alabama.
Subsequently, the father answered DPS’s petition by denying his parental rights should be terminated, and counterclaimed for the permanent custody of Melissa.
The evidence further shows that the father is married and has three children by his wife. They live in a three bedroom house in Kokomo, Indiana, where he is employed and earns about $21,000 a year. The Plakes were married in 1971, divorced in 1975, and remarried in 1978. It is without dispute that the Plakes’ early years were beset with many troubles, but the evidence is strong that for about the last five years they have gotten along well, love and properly care for their children, and profess a real desire to be proper parents for Melissa. Mr. Plake is the president of his local union and actively participates in activities involving his children. He and his wife both testified that they wanted Melissa in their home and would make every effort to make Melissa feel loved and wanted. They recognized the change would be difficult for Melissa, but expressed a desire to be understanding and helpful.
*121 There was evidence before the trial court that Melissa had become attached to her foster parents and that it would be traumatic for her to be removed from them. However, the trial court could not rely on this relationship as controlling because DPS was the temporary custodian and would have the authority to place Melissa with those prospective adoptive parents who would best serve her needs. Such a placement would not necessarily be with the present foster parents and most likely would not be with them. Foster parents have a contractual arrangement with DPS to care for children until they can be permanently placed by DPS. Foster parents are not usually considered as likely adoptive parents by DPS. See Clements v. Barber, 49 Ala.App. 266, 270 So.2d 815. (1972); State Department of Pensions & Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978). Consequently, we are constrained to conclude that the separation trauma would likely afflict Melissa even if DPS were given her permanent custody and authority to place her for adoption.
The trial court’s judgment is supported by the evidence, and it is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.