BRADLEY, Judge.
This is a child custody modification case.
On August 28, 1979 the parties to this appeal were divorced by a decree of the Circuit Court for the Tenth Judicial Circuit of Alabama. The decree incorporated an agreement which awarded the husband custody of the parties’ three year old son, Joseph Wayne. The mother was given reasonable visitation rights with such visitation to be agreed upon by the parties.
On June 11, 1981 the wife filed a motion to modify judgment of divorce seeking more specific times of visitation. The parties reached an agreement in which they agreed to a more specific visitation schedule and agreed that custody would remain with the father. On October 27, 1981 an order was entered modifying the decree to give the mother more specific visitation with her child and custody remaining with the father.
On November 17, 1982 the wife filed a petition to give her custody of the minor child due to a material change in circumstances.
After an ore tenus hearing, the trial court entered an order denying wife’s petition to modify custody. Wife filed a motion for rehearing which was denied. She appeals.
On appeal wife asserts the trial court erred in refusing to hear evidence concerning a predivorce agreement entered into between the parties in regard to custody of the child and in failing to find a material change in circumstances since the divorce to justify a change in custody.
Wife says that there were material facts at the time of the divorce which were undisclosed but have since been revealed that would support a change in custody but that the trial court refused to hear such facts because it amounted to an attack on the agreement concerning custody that was incorporated into the divorce decree.
“A change in custody must be justified by a material change of circumstances since the rendition of the original decree, or by proof of material facts which, though existing at the time of the original decree, were then undisclosed, and have since been revealed. Rowe v. Rowe, 45 Ala.App. 367, 231 So.2d 144; Stephens v. Stephens, 47 Ala.App. 396, 255 So.2d 338. However, it is well recognized that the trial judge who hears the evidence ore tenus is in the best position to ascertain if there has been a change of circumstances or revelation of undisclosed facts such as will necessitate custodial change.”
Smith v. Smith, 334 So.2d 915 (Ala.Civ.App.1976). Once such a finding is made, it will not be disturbed unless it is so unsupported by the evidence as to appear plainly wrong. Zimmerman v. Gibbs, 384 So.2d 1115 (Ala.Civ.App.1980).
As to the wife’s contention that the trial court refused to permit her to introduce proof that she was coerced into making the agreement, we point out that wife’s attorney specifically stated that he was not attacking the divorce agreement but that he wanted only to introduce proof of the circumstances surrounding the making of the agreement.
Evidence concerning the circumstances leading to the agreement that was incorporated in the divorce decree was received by the court. This evidence related to the financial status of the parties, that the husband was represented by an attorney, that the wife was not represented, that the wife was told that the husband would not support the child if the wife received custo *47 dy, and that the wife was without the means to support the child.
This evidence was before the court and we must assume that it considered such evidence along with all the other evidence introduced by both parties relating to whether there had been a change in circumstances sufficient to warrant a change in custody. We do not consider that the trial court denied the wife the right to introduce proof relating to the circumstances surrounding the making of the agreement. No error in this aspect of the court’s decree.
The primary issue on this appeal is that the trial court erred by failing to find that custody of the child should be changed from the father to the mother due to a material change in circumstances.
If a trial court hears evidence in a child custody modification case ore tenus, its decree will not be set aside except for palpable error or an abuse of discretion. Smith v. Smith, supra.
The evidence heard by the trial court shows that the couple was married approximately three years before the child, Joseph Wayne, was born. They divorced in 1979. There was evidence that wife was pregnant at the time of divorce with husband’s child but did not tell him. Instead, she had an abortion.
Both parties have since remarried. The wife, now twenty-seven years old,-married William Lankford, age forty-six, in 1980. The wife was employed at Woolco, making $3.65 an hour, but is no longer working. Her present husband is retired from Food World, where he worked as a butcher, and gets an income of $990 a month. The couple owns a two bedroom housetrailer on an acre lot which is fully paid for. They also own an automobile which is fully paid for. The mother attends church regularly and her husband attends church occasionally-
It is without dispute that wife loves her child and is a good mother to him. Moreover, her husband, Bill, has a good relationship with the boy and treats him like his own. The child loves his mother and has expressed a desiré to live with her and his stepfather.
There is also evidence that the child has resided with his father since the date of divorce and the father has provided all support for the child. The father married Denise Noll in December 1979 and, besides Joseph, the couple has two other children living with them; one is theirs and one is from a previous marriage. The father worked at United States Steel for a number of years, but is currently laid off. He is receiving unemployment benefits of $90 a week plus supplemental pay of $52 a week. He installs cable television for apartment complexes part time. His present wife is not employed.
There is no substantial evidence that the father is other than a fit and proper person to have custody of his • child. The wife herself testified that the boy’s father has done a good job raising the child. Joseph is in good physical and mental health and is at the top of his class in school. He participates in sports, attends Sunday School and church, and is in every way a well-mannered and well-adjusted child. Although the mother testified that when she went to pick up the child for visitation he was dirty and the knees of his trousers were torn, there was other testimony that these were the child’s play clothes. In addition there was evidence that at church arid school the child was always clean and well-groomed.
There was testimony that on one occasion the child contracted head lice, but it was shown that the child got the lice by trying on Halloween masks at a drug store. The child loves his father and has grown close to his sister and stepbrother. He has a good relationship with his stepmother and she treats him like one of her own. Both she-and the child’s father attend the child’s baseball games.
Based on all the evidence contained in the record, the trial court found that the best interests of the child would be served by his custody remaining with the father. Giving the court’s judgment the presump *48 tion it is due in eases of this kind, we cannot say that its judgment is palpably wrong or an abuse of discretion.
We would note that the wife did introduce a considerable amount of proof relating to problems she had encountered concerning visitation with her son, apparently to bolster her contention that she should have custody of her son.
This court has said, however, that disputes over visitation are not alone sufficient to require a change in custody. Pons v. Phillips, 406 So.2d 932 (Ala.Civ.App.), cert. denied, 406 So.2d 935 (Ala.1981). Visitation disputes can and should be resolved by the parents whenever possible; only after this fails should the courts be called on to resolve the dispute. Sain v. Sain, 426 So.2d 853 (Ala.Civ.App.1983).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.