BRADLEY, Judge.
This is a divorce case.
On November 13, 1981 the parties were divorced by the Circuit Court of Dallas County, Alabama. A separation agreement, entered into by the parties in July 1980, was incorporated into the divorce decree providing, in pertinent part, that the mother was to have custody and control of the parties’ minor child.
In January 1982 the father filed a Rule 60(b), Alabama Rules of Civil Procedure, motion to set aside the judgment of divorce. This motion was denied, but the court permitted the reopening of the case for a modification of the November 13, 1981 decree as to the provisions relating to the care, custody, and control of the minor child.
On February 5,1982 the court entered an order modifying the custody and visitation provisions of the original decree. The court also incorporated into the decree an agreement between the parties, which provided:
“6. The parties hereto mutually understand and agree that so long as the terms and conditions of this Agreement are carried out in full, not to pursue, either civilly or criminally, any other claims against each other as of the date of this Agreement. It is understood and agreed by and between the parties hereto that if either -party shall recommence litigation involving the divorce of the parties, or involving the care, custody and control of the minor child of the parties, that party so re-commencing litigation shall not be afforded the protection afforded by this provision of this Agreement and the party against whom litigation is commenced shall be entitled to plead and prove, if such can be done, any claim against the other party existing as of the date of this Agreement, unless otherwise barred by law.”
In June 1983 the father filed a “Petition for Contempt,” alleging that the mother had willfully refused to abide by the terms of the decree regarding visitation privileges with the child. In this petition he sought to have the court specifically designate certain visitation rights and privileges for him.
As a result of the father’s petition for contempt, the mother filed a counterclaim requesting expenses incurred by her due to the father’s breach of the July 1980 separation agreement prior to the divorce decree. It appears that this counterclaim was filed to enforce Item 6 of the November 1982 decree.
On July 8, 1985 the court entered its order finding no contempt on the part of the mother. The order also stated that the father’s petition for contempt did not amount to the recommencement of litigation pursuant to the February 1982 order; it was merely an attempt to enforce the provisions of the existing court order. Thus, the mother's counterclaim was dismissed without prejudice and the visitation provisions of the February 1982 order were modified to reflect more definite visitation rights.
The mother then filed a motion for new trial. In denying the relevant portion of *657 her motion, the court stated that Item 6 of the February 5, 1982 decree “was not intended to prevent either party from seeking enforcement of the decree.” It is from this judgment that the mother appeals.
The mother argues on appeal that the father's petition for contempt is, in effect, an effort to relitigate the issue of child custody in violation of Item 6 of the February 5, 1982 decree. Such action, she contends, entitles her to bring an action against the father for breach of their July 1980 separation agreement, which was entered into prior to its incorporation into the divorce decree. We disagree.
The father, in his petition for contempt, requested the trial court to hold the mother in contempt for failure to abide by the visitation privileges accorded to him in the divorce decree. He also requested that visitation be spelled out in more detail. The trial court found that the mother was not in contempt, but it did provide a more detailed visitation schedule. The court also held that the husband’s petition was nothing more than an effort to enforce the provisions of the divorce decree, and dismissed the mother’s counterclaim.
First, we note that the pertinent part of Item 6 in the parties’ second agreement related to litigation concerning the custody of the child.
In his petition for contempt the father was seeking enforcement of his visitation privileges, not custody. Moreover, he asked the court to spell out these privileges in the hope, obviously, of reducing controversy over the times and places of visitation with his child.
Assuming that the father was seeking a modification of the visitation aspect of the divorce decree, such effort was not a violation of Item 6 of the parties’ second agreement. The agreement was directed at litigation involving child custody, not child visitation. Consequently, the trial court properly dismissed the mother’s counterclaim. We are aware that the trial court posited its decision on the ground that the father was only seeking enforcement of the divorce decree and, as such, the action did not violate Item 6 of the second agreement.
Without deciding whether the trial court’s basis for decision is correct, we will affirm the decision if the case was properly decided even if the trial court’s basis for doing so is wrong. Wagnon v. Boggs, 460 So.2d 183 (Ala.Civ.App.1984). We are not to be understood as holding that the trial court’s basis for decision is wrong. In the present case we find that the trial court properly dismissed the wife’s counterclaim, and we affirm its action.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.