282 So.2d 686

**Martha Lynnoytte DORMINY**

v.

**William Daniel DORMINY.**

**Civ. 183.**

Court of Civil Appeals of Alabama.

Sept. 5, 1973.

Burns, Carr, Shumaker & Davis, Gadsden, for appellant.

Rowan S. Bone, Gadsden, for appellee.

BRADLEY, Judge.

This is an appeal from a decree of the Circuit Court of Etowah County, in Equity, modifying a former divorce decree.

Appellee commenced this proceeding by filing a petition in the trial court seeking a change in the custody provisions of the divorce decree. In that decree the custody of the minor child of the parties was given to the appellant with visitation rights reposed in appellee.

The visits with the child were limited to every other weekend and the child could not be taken out of Etowah County. Appellee lived in Georgia, 348 miles from Gadsden. As a result of subsequent amendments to the divorce decree appellee was permitted to take the child to his home in Georgia for weekends.

Appellee's petition sought full custody of the child. Appellant answered and cross-petitioned requesting that visitation rights be limited, that support payments be increased from $75 per month to $100 per month, that the amount of support arrearages be ascertained, and that future payments be made through the Register of the court.

After a hearing before the court, a decree was rendered granting custody of the child to appellee for one week beginning December 26 of each year and two months in the summer of each year, and requiring appellee to make future payments of support through the Register of the court.

An application for rehearing was filed by appellant and a hearing held thereon but there was no ruling on said request for rehearing.

An appeal was taken from the decree granting modification of the divorce decree.

There are seventeen assignments of error, the majority of which are directed to the modification decree; however the argument in brief appears to be limited to the following issues: (1) the contention that the trial court committed error in questioning the appellant while a witness; (2) the trial court erred in not awarding appellant the relief requested in the cross-petition; (3) the trial court erred in granting any relief to appellee due to the fact that he was behind in child support payments and (4) the trial court erred in granting partial

custody of the child to the appellee when his prayer for relief asked for full custody.

■ As to the first contention made by appellant, i. e., the trial court erred in asking appellant questions while she was testifying as a witness in the case, it appears that appellant had testified on direct examination that she had not received a hearing on previous proceedings in that court relating to the custody of her child and the trial judge then proceeded to ask her questions about her previous appearances in his court concerning the child's custody. The questions posed to the witness by the judge were for the purpose of ascertaining whether or not the trial court had prevented the witness from testifying or whether her failure to testify was due to other causes.

■ We find nothing wrong with the trial court's efforts to clarify the issues before it or to seek answers to material questions, especially where it is the trier of fact. See Baggett v. Baggett, 47 Ala.App. 539, 258 So.2d 735. And, we do not consider that the questions asked of the witness exceeded these limits.

■ Notwithstanding this conclusion on issue number one, we would point out that no objections were made or exceptions taken by appellant to the questions posed by the court. In this posture, nothing is presented for review by this court. Baggett v. Baggett, *supra*.

■ The second contention raised by appellant is that the trial court denied the relief asked for in her cross-petition.

She had asked for less visitation privileges for the father, increased support, ascertainment of arrearages, and payment of support through the Register.

To begin with the decree does reflect that support payments were ordered to be made through the Register. Also, the effect of the decree was to deny the request for more limited visitation by the father for it was ordered that he have the child for one week after Christmas and two months during the summer. It also in effect denied the request for increased support payments and ascertainment of arrearages for there was no increase in support ordered nor was there deemed to be any arrearages.

■ The rule is that where the trial court hears the case ore tenus there must be a showing that his finding is plainly and palpably wrong in order for this court to say that it had erred. Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703. We cannot say that the trial court is so wrong in this instance as to require reversal.

■■ The third assertion made by the appellant is that the appellee was in arrears on his support payments and should as a result be barred from relief. The record before us shows that there was a conflict in the evidence offered concerning these arrearages. The record shows that there had been an offer by the appellee to pay any arrearages, if there be any, and further, he claimed that he had made all such payments as he had been ordered to make. Where there is conflicting evidence presented to a trial judge sitting as trier of the facts, the party claiming error must demonstrate that the trial court's findings are clearly wrong. Mallory v. Mallory, *supra*. Here, there is no such showing of any such manifest error.

■■ Finally the appellant argues that the appellee's petition prayed for full custody and made no request for the temporary custody which was awarded. It has been held that where there are allegations in a bill showing that one is entitled to relief and that there is a general prayer, the fact that a special prayer asked for different relief will not render the bill subject to demurrer. White v. Lehman, 210 Ala. 542, 98 So. 780. See also Todd v. Interstate Mortgage & Bond Co., 196 Ala. 169, 71 So. 661. It cannot logically be argued that a petition alleging facts in support of a prayer for permanent custody coupled with a general prayer for relief would not support a granting of temporary custody for extended periods of time. A trial judge

is given wide latitude in a matter of custody, and each case must stand on its own facts. Raines v. Baucom, 270 Ala. 706, 121 So.2d 870. With such broad discretion and latitude, it cannot be said that the trial judge was in error on this point.

For the foregoing stated reasons, we believe that the decree of the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.