This is a child custody case from the Circuit Court of Dale County. The trial court, on petition of appellee-father, modified the custody provisions of a prior decree which divorced the parties. The modification order removed two of the parties' children from the custody of appellant-mother and placed them in the custody of appellee-father. The mother appeals from this action of the trial court.
The sole issue before this court is whether the learned trial court erred to reversal by its modification order described above. We affirm in part and reverse in part.
The facts as revealed by the record are as follows:
The parties, Gerald Douglas Smith and Wanda J. Smith, were divorced by decree of the Circuit Court of Dale County on September 5, 1975. The decree incorporated an agreement between the parties which provided, inter alia, that the father would have custody of two of the parties' minor children and the mother custody of the remaining four children.
On September 8, 1975, the father filed a petition to modify the custody provisions of the divorce decree. The petition alleged that since the decree the mother had begun to leave the minor children in her custody alone at night, and had begun to live with a man out of wedlock. The petition prayed that the two youngest of the children in the mother's custody be placed in the custody of the father. It was recited in the petition that the other two children in the mother's custody desired to remain with the mother.
The hearing on the petition was held on September 29, 1975. The father testified that the minor children in the mother's custody were left alone at night while the mother worked. He further testified that the mother had lived out of wedlock with one Renfro and was continuing to carry on *Page 917 
an adulterous relationship with this individual in the presence of the minor children.
Renfro's wife testified that since the rendition of the divorce decree she had seen Renfro's truck parked all night in front of the mother's abode. She also testified that Renfro had lived with the mother.
The mother denied leaving the children alone at night and carrying on the adulterous relationship with Renfro depicted above. There was also testimony by a relative of the mother, and by one of her neighbors, to the effect that she was a fit person to have custody of the minor children.
Based on the above testimony, the learned trial judge granted the relief prayed for in the father's petition, changing custody of two of the children from the mother to the father. The mother prosecutes this appeal.
It is appropriate to state at the outset the well-established legal principle that a trial court which has heard oral evidence in a child custody modification proceeding will not be reversed on appeal save for plain and palpable error and abuse of discretion. Dorminy v. Dorminy, 51 Ala. App. 70,282 So.2d 686; Mullinax v. Mullinax, 56 Ala. App. 676, 325 So.2d 185. The reviewing court cannot supplant its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial court's decree was correct.Northcutt v. Northcutt, 45 Ala. App. 646, 235 So.2d 896.
A change in custody must be justified by a material change of circumstances since the rendition of the original decree, or by proof of material facts which, though existing at the time of the original decree, were then undisclosed, and have since been revealed. Rowe v. Rowe, 45 Ala. App. 367, 231 So.2d 144;Stephens v. Stephens, 47 Ala. App. 396, 255 So.2d 338. However, it is well recognized that the trial judge who hears the evidence ore tenus is in the best position to ascertain if there has been a change of circumstances or revelation of undisclosed facts such as will necessitate custodial change.
The prevailing consideration in child custody matters is, of course, the best interest of the child. 8 Ala.Dig. Divorce Key 298 (1).
Applying these principles to the facts of this case, we find no error to reversal by the learned trial judge concerning custody of the children.
The record in this case is far from a model of clarity. It is unclear whether the alleged misdeeds of the wife took place before or after the divorce decree, with the exception of Mrs. Renfro's discovery of Renfro's truck parked all night outside the mother's house. This event definitely occurred after the decree. The remaining transgressions of which the mother is accused are, however, not fixed as to time.
The father several times during his testimony remarked that changes had taken place since the decree. Although he did not always specify those changes, he at points apparently indicated that he meant the alleged adultery with Renfro. Furthermore, the tenor of the testimony indicates that facts undisclosed at the time of the original decree may have been revealed by that testimony. Applying the presumptions in favor of the trial court's decree, and drawing all favorable inferences from the evidence in the record, we do not feel it is an unfair characterization of that evidence to say that it shows either a material change in conditions since the decree or a revelation of undisclosed facts. As noted earlier, either will suffice to justify a change in custody.
The evidence is certainly sufficient to demonstrate that the mother engaged in an adulterous relationship, the nature of which was made apparent to the minor children. The trial judge by his decree apparently so found. While we have held *Page 918 
that a mother will not be denied custody for every indiscretion, Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210, we feel that, in this instance, the mother's immoral behavior justified the change in custody. This result is strengthened by the fact that the mother apparently made a practice of leaving the minor children alone at night.
We finally note that the trial court's modification order enjoins the appellant-mother to ". . . discontinue any harassment of the Plaintiff or of anyone with whom he should happen to leave the minor children. . . ." There is no evidence whatsoever in the record to indicate that appellant-mother has in any manner harassed appellee-father or any other person. This part of the learned trial judge's order, concerning harassment by the mother, is therefore reversed.
The order of the trial court is affirmed in all other respects.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.