This is a child custody case. The parties married as teenagers. They lived with the wife's parents. A child was born. The husband had difficulty holding employment and did not get along with the wife's parents. They separated and the husband was placed in jail upon warrants secured by the mother-in-law for breach of peace. While he was in jail, the wife brought an action for divorce and custody of the child. The husband was served with the complaint while in jail. He subsequently signed an answer to the complaint. He also signed an agreement that the wife was to have exclusive custody of the child and that he be divested of all custody and visitation rights. The divorce was subsequently granted and the judgment included the terms of the agreement. Subsequent to the divorce, several criminal charges brought by the wife or her parents were dismissed upon the recommendation of the wife's attorney.
The proceeding which preceded this appeal was brought by the husband and requested that the judgment of divorce be modified so that visitation with the child would be permitted. The father offered to provide support. The premise of the request was that the husband was coerced into signing the agreement for custody with the promise that the pending criminal proceedings would not be prosecuted and that reconciliation could later occur. It was further stated that the answer and agreement had been signed without advice of counsel.
The wife denied the averments of the promise or coercion and contended that the father had waived all right to custody or visitation with his child in the agreement.
Testimony was taken orally before the court and judgment was entered modifying the original judgment. The father was granted visitation rights with his child each Saturday from 9:00 A.M. to 6:00 P.M. and was ordered to pay $25 per week support. The wife appeals charging that the court erroneously modified after waiver by the father of all rights to his child and without proof of change of circumstances.
We have carefully examined the record, keeping in mind the presumption of correctness afforded by law to every judgment of the trial court rendered after oral hearing. Higgins v.Higgins, 336 So.2d 194 (Ala.Civ.App. 1976). We find that the testimony as to the events surrounding the execution of the answer and agreement was in conflict and thus created an issue of fact for the court. The trial court resolved the issue in favor of the father. We find no abuse of discretion in its finding. Dorminy v. Dorminy, 51 Ala. App. 70, 282 So.2d 686
(1973).
Modification of a previous judgment as to custody may be entered after proof of material change of circumstances or by proof that material facts existing at the time of the prior judgment were undisclosed to the court. Smith v. Smith,334 So.2d 915 (Ala.Civ.App. 1976); Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797 (1975). We consider that the maintenance and promotion of the relationship of parent and child is a most basic right of both parent and child. It should not be disrupted or dissolved except after full and careful consideration by the court. An alleged waiver of such right by a parent should be viewed with care and upheld only upon clear and convincing proof of full and complete understanding and intent.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1144