370 So.2d 1008 (1979)
Marion F. ROBERSON
v.
James Ronald ROBERSON.
Civ. 1724.
Court of Civil Appeals of Alabama.
March 7, 1979.
Rehearing Denied April 4, 1979.
*1009 G. Houston Howard, II, of Howard & Dunn, Wetumpka, and Ralph H. Ford of Ford, Caldwell, Ford & Payne, Huntsville, for appellant.
Theron O. McDowell, Jr., and J. Myron Smith, Prattville, for appellee.
HOLMES, Judge.
This is an appeal by the appellant-mother from a decree of the Circuit Court of Autauga County modifying an earlier decree and awarding custody of the parties' three minor children to the father.
A close examination of the lengthy record reveals the following: The parties were separated in early 1977 and divorced on July 21, 1977. Pursuant to an agreement incorporated into the final divorce decree, the wife was given custody of the parties' three minor children and the husband was given reasonable visitation rights. The wife was also given all the furniture, household goods and contents of the marital home.
In April, 1978, the husband petitioned to modify the original decree. He alleged that he was unaware of facts at the time of the initial decree which would have, if he had known them, precluded him from entering into the agreement with respect to granting the wife custody of the children. In essence, he contended that the mother was an unfit and improper person to have custody because she had engaged in immoral conduct before their separation.
Prior to our discussion of the facts in this case, we observe that contrary to the wife's contention in this instance, facts which were known but not disclosed to the trial court in the original divorce proceeding may be considered in a proceeding to modify custody, notwithstanding the fact that these facts do not relate to a change in circumstances subsequent to the original decree. Smith v. Smith, Ala.Civ.App., 334 So.2d 915 (1976). As discussed more fully below, material undisclosed facts prior to the decree, or facts showing a subsequent material change after the original decree which support a modification may be appropriate for the court's consideration. Smith, supra.
The petition to modify was heard ore tenus in August 1978. The testimony taken from the twenty-nine witnesses who appeared on behalf of the parties was sharply disputed, both as to events and conditions prior and subsequent to the original decree.
With respect to the husband's allegation that his wife had committed immoral acts which rendered her unfit for custody of the children, which is the basis for the trial court's award, the record reveals the following:
A Mr. Whiddon, an employee of the husband, testified on the husband's behalf that a few months prior to the parties' separation, he and Mrs. Roberson and two of the minor children were alone in the Roberson home. Whiddon's presence in the home was occasioned by Mrs. Roberson's telephone invitation to him to visit her there. According to Whiddon's testimony, shortly after arriving at the residence, Mrs. Roberson enticed him into a bedroom at which time she performed an act of oral sex upon him. He further testified that because Mrs. Roberson's two minor children were crying and beating on the locked bedroom door, he became nervous and left. In addition, Whiddon testified that Mrs. Roberson had kissed him on another occasion when the children were nearby. The wife strongly disputed the veracity of this testimony.
Mr. Dunlap, another employee of the husband, testified on behalf of the husband that he had occasions to be alone with Mrs. Roberson at the husband's dental clinic. On these occasions, the minor children were not present. Dunlap stated that he had never physically touched Mrs. Roberson but that they had discussed her marital difficulties including her sex life.
*1010 Nancy Hudgens and her nineteen year old daughter, Donna, next door neighbors of the Robersons, testified for the husband. Mrs. Hudgens blamed the demise of her marriage on Mrs. Roberson. She stated that on one occasion she left for work, returned after a few minutes and that her husband had gone next door to the Roberson residence. She could not testify as to the whereabouts of the Roberson children at the time nor to anything that occurred in the Roberson home on the occasion.
Donna Hudgens, herself recently divorced, testified she had observed her father and Mrs. Roberson kissing on more than one occasion at the Hudgens' home. On these occasions the Robersons' children were not present.
From evidence introduced by the wife, the record tends to show that since the original decree, the children's welfare has substantially changed for the better. In essence, the evidence indicates that the unsettled environment occasioned by the divorce in 1977 has considerably stabilized in the past fifteen months.
The mother has remarried. She and her new spouse, Mr. Riley, reside in a large, older home which is more than adequate to conveniently accommodate them, his daughter and the three Roberson children. Both are employed as real estate sales persons. Mr. Riley is also a registered pharmacist.
Mr. Riley testified that he loves the children and there is evidence that the children love and accept him as their father. There is further evidence that he wishes to undertake the responsibility for raising and caring for the children. The family attends church regularly and Mrs. Riley teaches Sunday School. The family frequently enjoys outings together.
There is evidence that prior to the divorce decree, one of the minor children was emotionally disturbed and continually nervous. Another developed a speech difficulty, i. e., stuttering. The evidence indicates that these conditions have steadily improved since the wife was originally given custody of the children. The oldest child is doing well in school.
After the trial court heard the above noted testimony, it found the welfare of the children would be better served if custody was given to the father. In addition to changing custody, the court awarded the husband all the furniture and household goods which were previously given the wife in the initial property settlement. The wife appeals.
The dispositive issues on appeal are (1) whether the court below erred in changing custody of the children from the wife to the husband and (2) whether the court could modify the prior division of the parties' property.
The wife initially contends that the court below erred when it divested her of title to personal property which was granted her in the original decree. We agree.
It is well settled that a property settlement award cannot be modified after it becomes final. McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316 (1977). Because the trial court's order improperly attempted to modify a property division which was final, this portion of the court's decree is reversed.
The wife additionally contends that the court below erred in changing the original custody decree. At the outset we set forth the well settled principles which are applicable to this contention.
The question of custody is never res judicata. Quintanilla v. George, Ala.Civ. App., 340 So.2d 804, cert. denied, Ex parte Quintanilla, Ala., 340 So.2d 808 (1976). This is so because the prevailing consideration in child custody matters is the best interest of the child. Smith v. Smith, supra.
A custody decree will not be modified unless conditions are shown which affect the welfare of children. Nelson v. Nelson, Ala.Civ.App., 354 So.2d 1142, cert. denied, Ex parte Nelson, Ala., 354 So.2d 1144 (1978); Gould v. Gould, 55 Ala.App. 379, 316 So.2d 210, cert. denied, 294 Ala. 757, 316 So.2d 214 (1975). In order to justify a modification, the moving party must *1011 convincingly demonstrate that either a material change of circumstances has occurred since the original decree or that material facts existing at the time of the original decree were undisclosed to the court, either of which justify the change. Nelson and Smith, supra. The petitioner's burden of proof in such cases is a heavy one inasmuch as (1) the original decree is presumed correct, (2) there must be a substantial reason for the change, and (3) the surrounding circumstances affect the welfare of the children. Gould, supra; Rowe v. Rowe, 45 Ala.App. 367, 231 So.2d 144 (1970).
With respect to the modifications premised on the moral unfitness of the mother with whom custody of the children was originally vested, it has long been held that while indiscreet conduct is a factor to consider, a mother will not be denied custody for every act of indiscretion or immorality. Gould, supra. This rule obtains especially where the party seeking modification fails to establish a substantial detrimental effect by the immoral conduct on the welfare of the child. Rowe, supra.
Applying theses principles to the instant case, we are compelled to reverse the remainder of the decree of the court below. We are of the opinion that the husband has not met his burden of proof in showing a substantial change of circumstances since the decree, or material facts, though undisclosed prior to the original decree, which justify a change of custody.
As we noted above, even assuming the husband's evidence to be undisputed, this testimony in essence shows a single isolated act of impropriety on the part of the mother. Furthermore, the occurrence of the sexual act in question was vigorously disputed by the wife and, more importantly, although it was alleged to have been committed while the children were in the Roberson home, it was not in their presence. The remaining testimony which relates to the mother's unfitness, particularly that of Mr. Dunlap, at best tends to indicate indiscretion on her part. But here again, there is no proof that it occurred in the children's presence or that it had a direct bearing on their welfare.
Because a mother will not be deprived of the custody of her children for every act of immorality, especially where it cannot be said that the act adversely affected the children, Rowe, supra, we are of the opinion that the husband's proof is insufficient to support a change in custody for this reason.
More importantly, and with respect to the paramount consideration in this case, i. e., the welfare of the children, the record supports the conclusion that the family environment in which the children now live has changed considerably for the better. As noted above, the emotional problems which two of the children were experiencing have visibly improved since the divorce. The mother has remarried and she and her new spouse are providing a stable home environment. All of the individuals in the new home appear to love and appreciate each other.
In addition, as noted previously, the family goes to church regularly and they enjoy companionship on their frequent recreational outings. Thus, contrary to concluding that there has been an adverse change in circumstances, it would appear the welfare of the children has improved.
While we are mindful that the conclusions of the trial judge are to be given due weight in cases such as these, we are equally cognizant of the fact that the delicate issue presented by each of them is a hard and difficult question to resolve. No court, appellate or otherwise, has the wisdom or insight to know in uncertain terms that its action with respect to the children is the proper course to pursue. We can only painstakingly review the record and with great deliberation resolve the matter in order to safeguard the best interest of the children. After such deliberation, it is our conclusion, based upon the foregoing, that the best interests of the children would be served by maintaining the status quo and for reasons set out hereinabove the trial court is due to be reversed.
We would further note that both the mother and father would be well advised to *1012 concentrate their efforts on the best interest of the children. The children need to have the guidance and love of both their parents. Constant litigation regarding child custody is seldom, if ever, in the best interest of children.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
In brief in support of his application for rehearing, the husband contends that our original opinion of March 7, 1979, omitted facts which it is argued demonstrate that the husband met his burden of proving the mother unfit for custody of the parties' children.
In particular, it is asserted that there was evidence presented at trial that the mother openly exhibited sexual misconduct in the children's presence. In deference to the husband, we set forth additional facts which he deems pertinent to this contention, although, as we originally stated, these do not support the conclusion that this petitioner has overcome the burden attendant in cases such as this.
In our original opinion, we stated that a Donna Hudgens observed the mother and Donna's father kissing at the Hudgens home at which time the children were not present. The record indicates that this witness additionally testified that she had observed similar conduct on other occasions in the Roberson home when the children were present. It is significant, however, that she additionally stated she had never observed any sexual conduct, i. e., immorality on these occasions.
As we originally stated, aside from the single act of impropriety on the part of the mother, the occurrence of which is disputed, the remaining testimony, when read in its entirety, including that mentioned above, at best tends to show indiscretion on the mother's part.
We further observe that this evidence loses much if not all of its probative value in view of the fact that the difficulties which the children were experiencing prior to the divorce have visibly improved. Thus, it cannot be successfully contended that this conduct had an adverse direct effect on their welfare.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.