This is a child custody case. *Page 1021 
The parties were divorced on September 5, 1975. The decree incorporated an agreement of the parties that the custody of their two minor children be with the wife. The agreement also included a provision that the husband would deed his interest in the jointly owned home to the wife in lieu of periodic payments of child support. Subsequent judicial proceedings clarified the mechanics of applying any funds from the husband's interest in the home to the future needs of the children in the event the home was sold.
In July of 1978 the wife brought a petition to modify the child support provisions of the decree and requested that periodic payments of such support by the husband be ordered. The husband filed a cross-petition to modify the child custody provision of the decree and requested that he be given custody of the children — two boys who, at that time, were ages nine and six. The trial court, after a hearing at which oral testimony was taken, denied both the wife's petition and the husband's cross-petition. The husband appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in refusing to modify the original award of custody. We find no abuse of discretion and affirm.
Our review of this case is made with due regard to certain well established principles. The primary consideration in this case, as in every custody case, is the welfare of the children.Perez v. Hester, 272 Ala. 564, 133 So.2d 199 (1961); Gould v.Gould, 55 Ala. App. 379, 316 So.2d 210 (1975). Where the children are of tender years, as in the instant case, their welfare is presumed to be best served by placing custody in the mother unless she is found unfit. Lansdell v. Snoddy, 269 Ala. 344, 113 So.2d 151 (1959); Gould, supra. The party seeking to modify the custody provisions of the original decree has the burden of proving a substantial change in circumstances since the original decree and that the welfare of the children is thereby adversely affected. Roberson v. Roberson, Ala.Civ.App.,370 So.2d 1008 (1979); Frazier; Gould; Rowe v. Rowe,45 Ala. App. 367, 231 So.2d 144 (1970). Finally, we accord a presumption of correctness to the decision of the trial court which can be overcome only by a showing that that decision was plainly wrong. Frazier; Gould.
In the instant case the father contends that the evidence overwhelmingly indicates that the mother is morally unfit to be the custodian of the children. He points specifically to uncontroverted testimony that the mother has for two years been openly cohabiting with one David Nelson to whom she has not been formally married and by whom she has had a child. Although the father concedes that Nelson and the mother are in all likelihood common-law man and wife, a concession which is supported by the evidence in the record, he nevertheless contends that this common-law union is immoral and an unsuitable environment for the children.
We agree with the husband that the morality of the wife is relevant to a determination of her fitness as a custodian of the children, Roberson, supra; Anonymous v. Anonymous, Ala.Civ.App., 353 So.2d 510 (1977); Gould, supra, but we do not agree that a common-law marriage is inherently immoral. In fact, just the opposite is true. Common-law marriage has long been recognized in Alabama, Campbell's Administrator v.Gullatt, 43 Ala. 57 (1869), and is equal in validity with a marriage solemnized by formality, Piel v. Brown, Ala.,361 So.2d 90 (1978). Furthermore, a subsequent remarriage by a party to a divorce, while it is a factor to be considered by the trial court, is not of itself such a material change in circumstances as to justify a modification of custody. Parsonsv. Parsons, Ala.Civ.App., 337 So.2d 765 (1976). Therefore, this court cannot say that a common-law marriage is per se an unsuitable environment for children or determinative of the custodial spouse's moral unfitness. Whether such a relationship is not socially accepted, as the father contends, goes more to the factual determination of whether the welfare of the children is thereby adversely affected. This determination, *Page 1022 
as with other factual matters, is within the broad discretionary powers of the trial court.
We do not find an abuse of discretion in the trial court's decision to leave the children with the mother. The evidence which the father advances to show that the best interests of the children would be best served by placing custody with him is persuasive, but not to the point of requiring reversal of the trial court's judgment.
There was evidence that the mother lived with a man who was involved in an episode of violence in the mother's home, that the mother was an undependable employee and frequented nightclubs, and that the mother was haphazard in her care for and disciplining of the children. Although the record of the proceedings is not before us, there was testimony that the Department of Pensions and Securities, in connection with a petition for temporary custody filed in 1976 in the Montgomery Circuit Court by the children's paternal grandmother, conducted an investigation of the mother. The written report of the investigating DPS case worker, introduced into evidence by the father, did not recommend that custody be removed from the mother, but did suggest that the mother be admonished about her parental responsibilities. However, all of these events occurred more than two years before the petition in the instant case was filed. There was also evidence that since the mother and Nelson began living as man and wife in May 1977, the children's home environment has markedly improved. There was testimony that the mother is properly caring for the children now and that she and Nelson provide the children with a normal and stable family life.
There was testimony that the children were not properly fed or clothed, that their medical care was ignored by the mother and that their behavior was abnormal. However, this testimony was sharply contradicted by the testimony of the children's teacher and friends, and neighbors of the mother. A conflict of this sort presents an issue of fact to be resolved by the trial court. Nelson v. Nelson, Ala.Civ.App., 354 So.2d 1142 (1978). He resolved this conflict by leaving the children with the mother, and we have frequently stated that we will not substitute our judgment for that of the trial court's in such matters. Parsons, supra. When all the circumstances are considered, the trial court is in the best position to determine what is in the best interests of the children. He has had the opportunity to hear and weigh the testimony of all the witnesses and to observe the demeanor of the parties. Additionally, in this case the trial court also interviewed the oldest child of the parties in chambers and had the opportunity there to observe the child's behavior. Based on all of the evidence in this record, we cannot say that the trial court's refusal to modify the custody provisions of the original decree was plainly and palpably wrong.
A final matter concerns an issue raised by the wife for the first time in her appellee's brief. She contends that the trial court erred in denying her petition for a modification of the original decree's provisions for child support. We have previously held that an appellee seeking from this court affirmative relief from an adverse ruling of the trial court must do so by means of a cross-appeal as provided by ARAP 4 (a)(2). Johnson v. Salter, Ala.Civ.App., 359 So.2d 417 (1978);Hudson v. DuraWear Corporation, Ala.Civ.App., 344 So.2d 182
(1977). The record reveals that the wife-appellee has not complied with Rule 4 (a)(2) and therefore has not raised the issue of child support payments sufficiently for this court's consideration.
For the reasons stated, the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1023