In an application for rehearing, the appellant-mother through able counsel directs us to Pendergrass v. Watkins,383 So.2d 851 (Ala.Civ.App. 1980), contending we have, in effect, overruled Pendergrass. We have not overruled Pendergrass as there are important factual distinctions between the instant case and Pendergrass. Aside from the procedural differences inPendergrass, the mother who ultimately regained custody had, at all times, a court decree awarding her custody. The non-parental couple who had physical custody and contested the *Page 785 
mother for legal custody had only cared for the child for three months. In the instant case, the mother does not have a court award of custody, and the grandparents who have both legal and physical custody of the child have cared for her a number of years.
Despite those differences, appellant-mother's point in citingPendergrass on rehearing is well-taken. In Pendergrass, we considered "the desirability and societal importance of re-establishing a permanent family." Pendergrass v. Watkins,supra, at 855. Furthermore, this court specifically considered "that the right to maintain family integrity is a fundamental right protected by due process standards of the Constitution. . . ." Pendergrass v. Watkins, supra, at 854.
In the instant case, the desirability of reestablishing a permanent family unit was not in our original opinion articulated as a factor. We recognize such a factor is relevant in appropriate cases in determining the best interest of the child. However, we cannot in this instance, at this time, say that the trial court abused its discretion or was palpably wrong in its action. We reiterate that the reviewing court cannot substitute its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial court's decree was correct. Smith v. Smith,334 So.2d 915 (Ala.Civ.App. 1976).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.