PER CURIAM.
This is a contempt case involving the failure to pay child support.
The mother filed a contempt petition alleging that the father had failed to pay court ordered child support. After an ore terms hearing, the trial court denied the mother’s petition. The mother through able counsel appeals and we affirm.
We do not find it necessary to detail the facts. Suffice it to say that the mother presented evidence that the father had not paid the required child support. The father presented evidence that while he had not paid the child support in the prescribed manner, he had in fact “paid” the required support.
We note that the mother does not dispute the trial court’s failure to find the father in contempt, only the trial court’s failure to determine an arrearage of child support. We further note that the trial court in its decree stated that the mother “is not worthy of belief.”
The evidence was heard before the trial court. Accordingly, the factual finding of that court in favor of the father is presumed to be correct, and this court is not authorized to alter it unless it was so unsupported by the evidence as to be palpably wrong. Johnston v. Johnston, 429 So.2d 1075 (Ala.Civ.App.1983); Dorminy v. Dorminy, 51 Ala.App. 70, 282 So.2d 686 (1973). A contested question of fact was presented as to the question of arrearage, and when a trial court resolves such a conflict in the facts, this court may not reweigh the evidence and substitute our judgment for that of the trial court. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
For this court in this instance to reverse the trial court’s action would be to substitute our judgment for that of the trial court. As indicated, this the law does not permit.
This case due to be affirmed.
AFFIRMED.
All the Judges concur.