ALMON, Justice.
The only issue presented is whether the trial court erred in directing a verdict for the defendants on a count of Brooks’s complaint charging wantonness.
Appellant Brooks brought an action against Williams and W.R. White Construction Company, Inc., for personal injury and property damage he sustained as a result of a collision between his truck and a truck operated by Williams and owned by White Construction.
Vincent intervened as a plaintiff, seeking compensation for damages to his cattle trailer, which was being towed by Brooks at the time of the accident.
Brooks’s complaint contained a negligence count and a wantonness count. The defendants’ answer raised contributory negligence as a defense to Brooks’s negligence count. The trial judge granted the defendants’ motion for a directed verdict on the wantonness count. The negligence counts of Brooks and Vincent were submitted to the jury, which returned a verdict for the defendants.
It is unnecessary to set out the facts except to say that the facts relied on to prove negligence are the same as those relied on to prove wantonness. The jury verdict as to Vincent established no negligence on the part of the defendants. There being no issue of contributory negligence on Vincent’s claim, the jury verdict absolved the defendants of wantonness, because, as previously noted, the facts relied on to prove each count were the same. Therefore, any error in failing to submit the wantonness counts to the jury was harmless.
This case is controlled by Kendrick v. Birmingham Southern R. Co., 254 Ala. 318, 48 So.2d 320 (1950), and not by McNeil v. Munson S.S. Line, 184 Ala. 420, 63 So. 992 (1913); Sington v. Birmingham R., L. & P. Co., 200 Ala. 282, 76 So. 48 (1917); Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553 (1938); and Lambert v. Birmingham Electric Co., 244 Ala. 333, 13 So.2d 579 (1943).
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.