BRADLEY, Presiding Judge.
This case involves an appeal from the trial court’s grant of plaintiffs’ motion for directed verdict on their claim of trespass to real property and the court’s award of nominal damages in the amount of $1.00.
The plaintiffs, Mr. and Mrs. Bedsole, rented a safe deposit box from SouthTrust Bank in Bessemer. On April 9,1985 South-Trust, as a result of an error in its records, mistakenly drilled the lock of the Bedsoles’ box and removed the items in the box. SouthTrust periodically drills the locks of rented boxes when the rent for them is not paid. The Bedsoles' box was mistakenly drilled for rent nonpayment.
At the outset we note that the record indicates strict control is reserved by SouthTrust over its rented safe deposit boxes. Whenever a customer desires access to his safe deposit box, his ability to open it is tightly regulated by bank procedures. In short, the customer’s box is not accessible to him unless the bank’s vault receptionist participates in opening it.
After realizing the wrong box had been drilled, SouthTrust called the Bedsoles and informed them of the error. Mr. Bedsole then went to the bank for the purpose of examining the contents of the box.
The record indicates a conflict concerning what took place, specifically what was said when Mr. Bedsole went to the bank. The bank manager testified that Mr. Bedsole, after checking the contents removed from the box, stated that everything was in order, and nothing was missing. Mr. Bedsole testified, however, that he conveyed to the manager that something was missing and that Mrs. Bedsole would need to examine the items.
Later the Bedsoles asserted that $3,200 in cash and a diamond ring were missing from the box. The ring was subsequently found by the Bedsoles.
The Bedsoles then filed a claim alleging trespass to realty, conversion, and invasion of privacy, and the case was tried before a jury. Following the presentation of the Bedsoles’ case, SouthTrust moved for a directed verdict on all counts. The court granted the motion with respect to the invasion of privacy count, but denied it on the trespass and conversion counts.
After the presentation of all the evidence, the court again denied SouthTrust’s motion for directed verdict on the two remaining counts. It is unclear from the record what action the court took with regard to the trespass claim. However, it appears that the court granted the Bed-soles’ motion for directed verdict on the trespass count and found that the Bedsoles were entitled to only $1.00 nominal damages.
The case was submitted to the jury on the remaining conversion count, and the jury found for SouthTrust.
The Bedsoles appeal, asserting that the trial court improperly limited their damages on the trespass claim.
We note at the outset that South-Trust argues in brief that the trial court erred in directing a verdict for the Bedsoles *407 on their trespass claim. It is well settled that “an appellee seeking from this court affirmative relief from an adverse ruling of the trial court must do so by means of a cross-appeal as provided by ARAP 4(a)(2).” Hodges v. Nelson, 370 So.2d 1020 (Ala.Civ.App.1979).
SouthTrust as appellee has failed to file a cross appeal. Consequently, the only issue properly before this court is the issue presented by way of appellants’ brief.
The Bedsoles have asserted that the trial court was correct in directing a verdict on the trespass claim, but that it erred in restricting their damages to nominal ones. The trespass count in this case is one alleging trespass to realty. Thus, the trespass complained of would be to the Bedsoles’ safe deposit box. The court in this case assumed that under the trespass to realty theory the only damages available were those against the realty.
We should not be understood as agreeing that a trespass to realty has occurred; only that such was the theory of this case, and this aspect of the case was not appealed.
However, our supreme court has held that recovery may be had for damage or destruction of personal property resulting from a trespass to realty. Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974). Rushing, supra, provides for such an award if it is shown that the property was either taken or destroyed.
We noted at the outset that conflicting testimony existed concerning the disappearance of the money. When the trial court granted the directed verdict and instructed the jury to award only nominal damages for damages to the safe deposit box, it precluded the jury from making a determination concerning a damage award for the alleged missing money. Rushing, supra, authorizes such a personal property damage award. Thus, as a matter of law the jury was entitled to consider whether damages were incurred.
Rushing, supra, authorizes recovery for personal property taken as a result of a trespass to realty. Testimony was offered that money was missing following the drilling of the safe deposit box. Consequently, the court’s limiting damages to a nominal sum was improper. The trial court should not have taken the issue from the jury, and we must, therefore, reverse its order directing a verdict for plaintiffs on their trespass count.
REVERSED AND REMANDED.
HOLMES and INGRAM, JJ., concur.