523 So.2d 407 (1988)
Ex parte SOUTHTRUST BANK OF ALABAMA, N.A.
(In re B.C. BEDSOLE, et al. v. SOUTHTRUST BANK OF ALABAMA, N.A.).
87-2.
Supreme Court of Alabama.
March 4, 1988.
*408 Jere F. White, Jr., J. David Dresher, and John D. Watson of Bradley, Arant, Rose & White, Birmingham, for petitioner.
Bill Thomason, Bessemer, for respondents.
HOUSTON, Justice.
We granted certiorari in this case to consider whether the trial court erred to reversal in awarding the Bedsoles nominal damages for the trespass committed by SouthTrust Bank of Alabama, N.A. ("SouthTrust"). A detailed statement of the facts is contained in the opinion of the Court of Civil Appeals, Bedsole v. SouthTrust Bank of Alabama, N.A., 523 So.2d 405 (Ala.Civ. App.1987).
The trial court submitted the Bedsoles' conversion claim to the jury. The basis of that claim was that SouthTrust converted money that the Bedsoles alleged was in their safe deposit box at the time it was opened. SouthTrust defended on the basis that there was no money in the box at the time it was opened. The jury returned a verdict in favor of SouthTrust. SouthTrust argues now, as it did in the Court of Civil Appeals, that any error on the trial court's part in awarding nominal damages as to the Bedsoles' trespass claim was, in light of the jury's verdict on the conversion claim, error without injury. We agree.
To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property. The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where the plaintiff has a general or special title to the property or the immediate right to possession. Ott v. Fox, 362 So.2d 836 (Ala.1978).
In the present case, the jury could not logically have found in favor of SouthTrust on the Bedsoles' conversion claim had it not found that there was no money in the safe deposit box at the time it was opened. Had the jury found that there was money in the box at the time it was opened, it could not logically have found for SouthTrust because SouthTrust had no legal right to deny the Bedsoles possession of their property. The Bedsoles' trespass claim was based on SouthTrust's entry into the safe deposit box. SouthTrust did not appeal from that portion of the judgment holding there was a trespass and awarding nominal damages for that trespass; therefore, for our purposes we assume that the entry constituted a trespass. The conversion claim was based upon an alleged taking of $3,200 once the box was entered. That claim was disputed and the question whether such a taking in fact occurred was squarely presented to the jury pursuant to the conversion claim. The jury found for *409 the defendant on the conversion claim; it could have done so only by finding that there had been no taking. If, instead of directing a verdict on the trespass claim, the court had submitted it to the jury, the jury could have found a trespass, butgiven its finding that there had been no taking could not have found more than nominal damages. Therefore, if there was any error in granting the directed verdict for nominal damages, that error would have been without injury to the plaintiffs.[1]
Therefore, the judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
MADDOX, J., concurs in part, and dissents in part.
JONES, J., dissents.
MADDOX, Justice (concurring in part and dissenting in part).
I concur in that portion of the judgment that remands the case to the Court of Civil Appeals, but I respectfully disagree with that portion that reverses the judgment of the Court of Civil Appeals.
The reasons for my special concurrence and dissent, succinctly stated, are as follows:
(1) The petitioner asks us to reverse the holding of the Court of Civil Appeals that it had to cross-appeal in order to argue that the trial court erred in directing a verdict on the trespass count. I do not believe that the Court of Civil Appeals erred in this regard.
(2) The Court applies the provisions of Rule 45, Ala.R.App.P., to this petition for certiorari, and I believe that the proper procedure would be for this Court to remand the case to the Court of Civil Appeals to allow that Court to determine, based upon the evidence and the law of this case, whether the "harmless" error rule is applicable.
This case presents some unusual procedural questions, because the trial judge granted the plaintiffs' motion for a directed verdict on their trespass claim, but also directed that the total damages suffered by the plaintiffs were only $1. The plaintiffs, feeling that they had won only a Pyrrhic victory, appealed that decision. The bank, while probably not happy with the trial court's direction of a verdict on the trespass claim, nevertheless did not mind paying the $1. On appeal to the Court of Civil Appeals, however, the bank argued, according to the opinion of the Court of Civil Appeals, that "the trial court erred in directing a verdict for the Bedsoles on their trespass claim." (emphasis added) The Court of Civil Appeals disposed of that argument by holding that "`[i]t is well settled that an appellee seeking from this court affirmative relief from an adverse ruling of the trial court must do so by means of a cross-appeal as provided by ARAP 4(a)(2),'" quoting Hodges v. Nelson, 370 So.2d 1020 (Ala.Civ.App.1979). I believe that the Court of Civil Appeals correctly *410 set forth the applicable law regarding the necessity of a cross-appeal by the bank if it wished to contend that the trial court "erred" in directing a verdict in favor of the plaintiffs on the trespass claim.
Under our old practice, the bank could have done this, because a party could crossassign errors so long as the cross-assignment of error related to the same judgment appealed from. Under our new appellate rules of practice, assignments of error have been abolished, and the procedure that I believe has been substituted for the old cross-assignment of error is contained in Rule 4(a), Ala.R.App.P., which reads:
"(2) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days (2 weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."
When the plaintiffs filed their notice of appeal, the bank was put on notice that the plaintiffs were dissatisfied with the judgment rendered by the trial court, and the bank was put on notice that the plaintiffs were seeking to recover more than the $1.
The only issue of law the plaintiffs raised on appeal was a question involving the sufficiency of the damages awarded. The validity of the judgment insofar as it held the banks liable in trespass was not properly presented to the Court of Civil Appeals. That being the case, the law states that a party who proves a claim of trespass is entitled to recover nominal, compensatory, and, in some cases, punitive damages. See Ramos v. Fell, 272 Ala. 53, 128 So.2d 481 (1961), which was an action in trespass by a lessee of a portion of a dock against the owner of a boat improperly moored in the leased area. Consequently, if that portion of the judgment holding the bank liable in trespass was allowed to go unchallenged, then the plaintiffs might convince an appellate court that the trial court erred in not allowing the jury to pass on the amount of damages that were proven. I think the bank, in arguing that the trial court erred in directing a verdict on the trespass claim, necessarily recognized that it needed to attack the question of liability, and it did so in its brief.
In its petition for certiorari filed in this Court, the bank states the following:
"(a) The basis of this petition for writ of certiorari is that the Court of Civil Appeals' decision is in conflict with a prior decision of the Supreme Court on the same point of law. In its opinion, the appellate court held that the trial court's failure to submit the issue of damages to personal property as a result of a trespass to realty was reversible error, but failed to discuss, consider or decide whether the alleged error was harmless in light of the jury's finding (in favor of SouthTrust) that there was no conversion of personal property, in spite of the fact that these issues were raised by SouthTrust on appeal, and addressed extensively in its brief. In its opinion, the appellate court stated that:
"`SouthTrust as appellee has failed to file a cross appeal. Consequently, the only issue properly before this court is the issue presented by way of appellants' brief.'
"In, among others, the case of Spencer v. Malone Freight Lines, Inc., 292 Ala. 582, 298 So.2d 20 (1974), the Supreme Court held:
"`A judgment will not be reversed by this court for error as to any matter of pleading or procedure unless it appears that the error complained of has probably injuriously affected substantial rights of the parties.' 292 Ala. at 590, 298 So.2d at 26.
"See also, inter alia, Costarides v. Miller, 374 So.2d 1335 (Ala.1979), Holley v. Seaboard Air Line R.R., 291 Ala. 510, 283 So.2d 168 (1973). Furthermore, in the case of Brooks v. Williams, 475 So. 2d 1182 (Ala.1985), this Court dealt with an analogous situation. In an action alleging negligence and wantonness, the trial court granted a directed verdict on wantonness and the jury found there to be no negligence. When the plaintiffs appealed the directed verdict on wantonness, this Court stated:
*411 "`the jury verdict absolved the defendants of wantonness, because, as previously noted, the facts relied on to prove each count were the same.'
"475 So.2d at 1183.
"In the case at bar the facts relied on to prove damages to personal property as a result of trespass, and the facts relied on to prove conversion of personal property are the same, and were determined by the jury in SouthTrust's favor. Therefore, the substance of the Court of Civil Appeals' opinion and these statements of the law are in conflict and the Court of Civil Appeals erred in failing to follow the decisions of the Supreme Court on the same point of law."
I think the Court of Civil Appeals correctly determined that the bank, not having cross-appealed, could not attack the validity of the trial court's action in directing a verdict in favor of the plaintiffs on the trespass claim. A case that is strikingly similar, and which also involves, by chance, a bank, specifically holds that a party who seemingly wins in the lower court, may be precluded from attacking the validity of the judgment appealed from in the absence of a cross-appeal. In Boswell v. Samson Banking Co., 368 So.2d 547 (Ala.Civ.App. 1979), the trial court ruled that the bank could collect certain service charges on funds that escheated to the state. The commissioner of revenue, even though receiving a favorable ruling from the trial judge regarding his right to have the funds escheat, nevertheless was dissatisfied with that portion of the trial court's order that allowed the bank to impose a service charge. The commissioner appealed to the Court of Civil Appeals and raised this legal issue. The bank argued in its brief that the statute of limitations barred the commissioner's claim and that the statute under which he was proceeding was unconstitutional. The Court of Civil Appeals held:
"We do not think that the issues raised by the bank concerning the statute of limitations and the constitutionality of the Act are properly before us. The bank argues these issues `as in the nature of a cross-appeal,' without having filed a notice of appeal as provided for in ARAP 4(a)(2).
"The trial court held that the bank was entitled to deduct the service charges from the funds in the dormant accounts, and that any funds remaining after these deductions which were not returned to the depositor were deliverable to the Commissioner. Implicit in this holding are findings that the Commissioner's claims are not barred by any applicable statute of limitations, and that the Act is constitutional. In the absence of either of these implicit findings the Commissioner would not have been entitled to custody of any of the disputed funds.
"The United States Supreme Court said in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, reh. den. 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed. 2d 80 (1970), that a prevailing party may assert in a reviewing court any ground in support of his judgment whether that ground was relied upon or even considered by the trial court. However, the bank's arguments do not merely support the trial court's holdings, but rather attack that portion of the judgment which allowed the Commissioner such custody as was granted therein.

"Our case law says that an appellee may not cross assign error without taking an appeal. Mutual Savings Life Insurance Co. v. Montgomery, ... 347 So. 2d 1327 (Ala.1977); Headley v. Housing Authority of Prattville, Ala.Civ.App., 347 So.2d 532 (1977), and authorities cited therein. Therefore, in the absence of a cross appeal by the bank, these assignments of error present nothing for review."
This Court denied certiorari in that case. Ex parte Samson Banking Co., 368 So.2d 552 (Ala.1979).
The bank, in its petition for certiorari, contends that the Court of Civil Appeals erred in holding that it should have crossappealed, and that the Court of Civil Appeals should have applied the "harmless error" rule in this case. Based on the allegations in the bank's petition for certiorari and the statements of facts in the *412 opinion of the Court of Civil Appeals, I cannot tell whether the provisions of Rule 45, Ala.R.App.P., are applicable here. The bank did not request that the Court of Civil Appeals make additional findings of fact, as allowed by Rule 39(k), Ala.R.App.P.; consequently, I would limit the bank to those facts stated in the opinion of the Court of Civil Appeals and would not go to the record to determine whether there was a lack of evidence to support plaintiffs' entitlement to damages other than nominal damages. As I view it, the Court of Civil Appeals should first determine whether the "harmless error" rule applies here. Having said that, however, I would hasten to add that it appears from the opinion of the Court of Civil Appeals that the basis of its reversal of the trial court's judgment was its determination that "[t]estimony was offered that money was missing following the drilling of the safe deposit box." If this was the only basis for the Court of Civil Appeals' reversal of this case, then I would agree with the opinion in this case that the judgment of the Court of Civil Appeals was due to be reversed because a jury had determined that there was no conversion of money; therefore, the "harmless error" rule would have been uniquely applicable. Without going to the record and reading all of the evidence, however, I cannot determine whether there was other evidence that may have made the bank liable for more than nominal damages. Apparently, there is no other evidence in this record that would support such an award, but I cannot conclude that there is not, because of the law that limits this Court's scope of review on certiorari. Consequently, I would not reverse the judgment of the Court of Civil Appeals, but I would remand the case to the Court with directions to determine whether there was any evidence to support an award of any damages other than nominal damages.
There is a paucity of law on the right of a lessee of a safe-deposit box to recover other than nominal damages, but I believe that the right to recover compensatory or punitive damages necessarily depends upon the facts of each case. See Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 197 A.2d 721, 4 A.L.R.3d 1450 (1964). In Stevenson, the Supreme Court of Pennsylvania found that, under the evidence in that case, the lessee was entitled to nominal damages, as a matter of law, but was not entitled to compensatory or punitive damages.
In summary, I agree that the petitioner has shown, based upon the facts stated in the opinion of the Court of Civil Appeals, that it is entitled to have the case remanded, but I cannot agree that the petitioner is entitled to have the judgment of the Court of Civil Appeals reversed, at this time, in view of the state of the record before us, and in view of our scope of review on certiorari.
JONES, Justice (dissenting).
I disagree. The problem with the "harmless error" holding is that the trial court's charge on nominal damages under the trespass count had the effect of telling the jury that it could not award damages for the alleged missing money. Thus, the jury was faced with conflicting instructions: Under the trespass theory, it could not award damages for the taking of property from the safe deposit box; and, under the conversion theory, it could award such damages. Given the posture of the case, the trial court's error in limiting the damages for trespass to $1.00, without participation by the jury, could not be called "harmless." It could hardly have been more harmful. I would affirm the judgment of the Court of Civil Appeals.
I do not understand the import of the first paragraph of footnote 1 at the conclusion of the majority opinion. Indeed, the fact that the directed verdict for the plaintiffs on the trespass claim "was entered without participation by the jury" serves as "Exhibit A" in support of the judgment of the Court of Civil Appeals. The further fact that "[t]he trial court's instructions to the jury said nothing about a trespass claim," notwithstanding a directed verdict for the plaintiffs on this claim, is the very reason that this non participation by the *413 jury was not only error but was also prejudicial, and thus reversible, error.
NOTES
[1] We note that the directed verdict ruling was made outside the presence of the jury and, in fact, the "directed verdict" was entered without participation by the jury. The trial court's instructions to the jury said nothing about a trespass claim and presented the jury only one issue: whether the defendant took $3,200 alleged to have been in the safe deposit box.

We also note that the record in this case would not support an award of punitive damages, or an award of damages for mental suffering, in connection with the trespass claim. When a trespass is perpetrated in a rude, wanton, reckless, or insulting manner, or is accompanied with circumstances of fraud, malice, oppression, or aggravation, or even with gross negligence, the party injured is entitled to recover punitive damages. Stewart v. Lowery, 484 So.2d 1055 (Ala.1985); Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974); Burns v. Campbell, 71 Ala. 271 (1882). Damages for mental suffering are recoverable if the trespass was committed under circumstances of insult or contumely. Rushing v. Hooper-McDonald, Inc. Although Mrs. Bedsole testified that she had had a confrontation with a representative of SouthTrust about a week after SouthTrust opened the safe deposit box, there is no evidence that the box was opened under circumstances that would justify an award of punitive damages or an award for mental suffering.