STUART, Justice.
Jim Walter Homes, Inc. (hereinafter “JWH”), and Mid-State Homes, Inc. (hereinafter “Mid-State”), petition this Court for a writ of mandamus directing Judge James W. Moore, Jr., of the Fayette Circuit Court to transfer an action from that court to the Shelby Circuit Court. In her complaint, the plaintiff, Martha Joan Nicholas, a resident of Jefferson County, alleged that JWH and Mid-State had wrongfully converted insurance proceeds paid to compensate her for a fire loss to her house. The gravamen of Nicholas’s claim is that JWH and Mid-State did not have a right to the insurance proceeds because they did not have a security interest in the property on which the house was constructed.
JWH and Mid-State moved to transfer the action to Shelby County, where JWH’s principal office in Alabama *735 is located.[1] JWH argued that the actions, conduct, and omissions Nicholas alleges were wrongful occurred in Tampa, Florida, where Mid-State’s principal office is located; therefore, it argues, venue is not proper in Fayette County. Nicholas filed a motion in opposition to the requested transfer, arguing that the house that is the subject of the cause of action is located in Fayette County; therefore, she argues, under § 6-3-7(a)(l), Ala.Code 1975, Fayette County is the proper venue. The trial court, focusing on the portion of § 6-3-7(a)(1), Ala.Code 1975, that provides that a civil action against a corporation may be brought in the “county in which a substantial part of the events or omissions giving rise to the claim occurred,” denied JWH’s motion for a change of venue.
“The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.l999)(citing Lawler Mobile Homesl Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986)).
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
“Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).”
Ex parte Alabama Great R.R., 788 So.2d 886, 888 (Ala.2000).
Transfer of the action is appropriate only if it is clear'from the record that venue was improper in the county in which the plaintiff filed the complaint. Ex parte Sierra Dev. Co., 652 So.2d 251, 253 (Ala.1994). Accordingly, in this case JWH and Mid-State have the burden of proving that venue in Fayette County is improper. See Ex parte Lashley, 596 So.2d 890 (Ala. 1992); Ex parte Ralston, 519 So.2d 488 (Ala.1987).
In 1989 Nicholas contracted with JWH to build a house on real property she owned in Fayette County. Nicholas executed a mortgage in favor of JWH as security for the financing of the house. The house, however, was not constructed on the real property described in the mortgage. JWH subsequently sold the mortgage to Mid-State. The house was insured against fire loss by Winchester Fire Insurance Company (hereinafter “Winchester”) of Atlanta, Georgia. In December 1998, the house burned and was considered a total loss. Winchester issued a check for $30,600 made payable, to Mid-State. Mid-State cashed the check and applied the proceeds to Nicholas’s account.
Section 6-3-7(a)(l), Ala.Code 1975, provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided.... ”
Nicholas’s complaint alleges conversion of insurance proceeds. This Court has defined “conversion” as follows:
*736 “Conversion is a wrongful taking, detention, or interference, or an illegal use or misuse of another’s property. Greene County Board of Education v. Bailey, 586 So.2d 898, 898 (Ala.1991). ‘The gist of the action is the wrongful exercise of dominion over property to the exclusion of or in defiance of a plaintiffs rights, where the plaintiff has a general or special title to the property or the immediate right to possession.’ Id. (citing Ex parte SouthTrust Bank of Alabama, N.A., 523 So.2d 407 (Ala.1988)).”
Willingham v. United Ins. Co. of America, 628 So.2d 328, 333 (Ala.1993).
Here, “a substantial part of the events or omissions giving rise to the claim” involved Mid-State’s “wrongful exercise of dominion over” the insurance proceeds. The insurance check was issued in Atlanta and was cashed in Tampa. The fact that the check was issued based on a claim of damage to a house located on real property in Fayette County does not constitute a “substantial part” of the conversion claim. See Ex parte Overstreet, 748 So.2d 194, 196-97 (Ala.l999)(holding that the “act or omission” complained of in a conversion action takes place where the alleged wrongful taking or retention of ownership occurs). The alleged wrongful taking or retention of the check issued by Winchester did not occur in Fayette County, but in Tampa, Florida.
JWH and Mid-State have met the requirements for the issuance of a writ of mandamus. Fayette County is not a proper venue for Nicholas’s action. Accordingly, we direct the trial court to vacate its order denying JWH and Mid-State’s motion for a change of venue, and we further direct the trial court to grant the motion and to transfer the case to Shelby County. See Rule 82(d)(3), Ala.R.Civ.P.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ„ concur.

. JWH also stated that it does business by agent in Jefferson County.